Gary E. Kastner, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Gary E. Kastner,* petitioner, for himself.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

Opinion by Judge Rogers, November 1, 1983:

Before us for disposition is the Pennsylvania Board of Probation and Parole's demurrer to Gary E. Kastner's petition for review in the nature of a writ of mandamus challenging the decision of the Parole Board refusing his request for parole.

In his petition for review Kastner contends that the Parole Board's action was arbitrary because it was based on errors of fact concerning his psychological evaluation, that the Board unlawfully refused his parole based on consideration of the nature of the offenses for which he is imprisoned, that the Board's description of his offenses as serious is impermissibly vague, that the Board arbitrarily and capriciously failed to take into consideration his excellent conduct while in confinement, that the Board discriminated against him by treating the sexual offenses which he committed as more serious than other kinds of offenses, and that the actions of the Parole Board violated his rights created by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. The petition for review contains numerous factual allegations in support of these contentions.

The matter being before us on demurrer, we are required to accept the petitioner's allegations as truth. In *Banks v. Board of Probation and Parole,* 4 Pa. Commonwealth Ct. 197, 200 (1971), we wrote that a person seeking parole is entitled to have his application properly and fairly processed and that if the Board fails to exercise any discretion at all or arbitrarily and capriciously abuses its discretion or violates a prisoner's constitutional right, we may give relief. The petitioner has sufficiently alleged abuses of the Board's discretion and violations of his con-

stitutional rights. Hence, his petition for review is proof against a demurrer.

We overrule the respondent's preliminary objection and direct the respondent to file an answer within twenty days of the date of the following:

ORDER

AND Now, this 1st day of November, 1983, the respondent's preliminary objection in the nature of a demurrer is overruled and the respondent is directed to file an answer within twenty days of the date of this order.