724 A.2d 319

**Nathaniel ROGERS, Appellant,**

**v.**

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.**

**Christopher Reed, Appellant,**

**v.**

**Pennsylvania Board of Probation and Parole, Appellee.**

**Michael K. Meehan, Appellant,**

**v.**

**Pennsylvania Board of Probation and Parole, Appellee.**

Supreme Court of Pennsylvania.

Submitted May 30, 1997.

Decided Jan. 22, 1999.

Samuel C. Stretton, Philadelphia, for Nathaniel Rogers, Christopher Reed, Michael K. Meehan.

Nathaniel Rogers, Pro Se.

Christopher Reed, Pro Se.

Michael K. Meehan, Pro Se.

Arthur R. Thomas, Harrisburg, for PA Bd. Probation/Parole.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

This Court granted allocatur to determine whether a decision by the Pennsylvania Board of Probation and Parole (hereinafter "Parole Board") to deny an application for parole upon expiration of an inmate's minimum sentence and thereafter is uniquely one of administrative discretion and, as such, is not subject to judicial review.

Nathaniel Rogers, Christopher Reed, and Michael Meehan ("appellants") appeal from the Orders of the Commonwealth Court dismissing their respective Petitions for Review following the Parole Board's decision to deny parole[1] after they

---

**1.** The reasons set forth by the Parole Board for appellant Rogers' denial of parole are as follows:

> Remove from pre-release for cause, substance abuse, habitual offender, failure to participate in and benefit from education classes, unfavorable recommendation from the District Attorney for pre-release, not amenable to parole supervision.

served their respective minimum sentences as imposed by the trial court. The Commonwealth Court's Orders were based on its conclusion that a Parole Board decision is wholly within the discretion of the Parole Board and not subject to judicial review, as the Commonwealth Court previously held in *Reider v. Pennsylvania Bd. of Probation and Parole*, 100 Pa. Commw. 333, 514 A.2d 967 (1986). Appellants separately filed Petitions for Allowance of Appeal. This Court granted allocatur to all three petitions, and by Order of this Court dated January 23, 1997, the matters were consolidated.

Appellants aver that the denial of parole by the Parole Board was arbitrary and capricious.[2] They argue that their right to appellate review of an adverse Parole Board

Appellant Reed's parole denial was based on the following:
Substance abuse, habitual offender, assaultive instant offense, victim injury, weapon involved in the commission of the offense (tree limb), failure to participate in and benefit from a treatment program for living sober therapeutic community program and an unfavorable recommendation from the Department of Correction.
Appellant Meehan's parole denial was based on the following:
Removed from CCC for cause, substance abuse, habitual offender, assaultive instant offense, victim injury, your need for counseling and treatment, your failure to benefit from a treatment program for substance abuse or mental health problems, unfavorable recommendation from the Department of Corrections, and serious nature of offense, extensive criminal history and prior supervision failures.

2. Appellants do not contend that they are automatically entitled to parole at the expiration of their minimum sentence. Such an argument would, of course, be unavailing. Under Pennsylvania law, the minimum term imposed on a prison sentence merely sets the date prior to which a prisoner may *not* be paroled. *Gundy v. Pennsylvania Bd. of Probation and Parole*, 82 Pa. Commw. 618, 623, 478 A.2d 139, 141 (1984). A prisoner has no absolute right to be released from prison on parole upon the expiration of the prisoner's minimum term. *See* 61 P.S. § 307 (setting forth procedures for Board to follow in instances where parole is *not* recommended at expiration of minimum term or thereafter); *Commonwealth ex rel. Rawlings v. Botula*, 260 F.Supp. 298, 299 (W.D.Pa.1966). A prisoner has only a right to apply for parole at the expiration of his or her minimum term and to have that application considered by the Board. *Banks v. Pennsylvania Bd. of Probation and Parole*, 4 Pa. Commw. 197, 200, (1971). If the Board denies the prisoner's application, the period of confinement can be the maximum period of incarceration specified by the sentencing court, although the prisoner may continue to reapply with the Board for parole. *See* 42 Pa.C.S. § 9756; 61 P.S. §§ 331.21–331.22.

determination is rooted in Article V, Section 9 of the Pennsylvania Constitution or, in the alternative, in a liberty interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Appellee contends that the Commonwealth Court properly dismissed the appeals pursuant to *Reider, supra.* For the following reasons, we agree with Appellee.

Section 17 of the Parole Act, 61 P.S. § 331.17, provides the Parole Board with the exclusive power to grant or deny parole to a prisoner. When exercising this power, the Parole Board must consider various factors such as the nature and character of the offense committed, any recommendation by the trial judge and the District Attorney, the general character and history of the prisoner and testimony or statements by the victim and the victim's family. *See* 61 P.S. § 331.19. After weighing these factors, the Parole Board exercises its discretion to either grant or deny parole. 61 P.S. § 331.21.

The Commonwealth Court has consistently relied on its opinion in *Reider v. Bd. of Probation and Parole,* 100 Pa. Commw. 333, 514 A.2d 967 (1986), when declining to review a Parole Board decision denying parole. In *Reider,* the Commonwealth Court determined that the Parole Board's decision to deny a prisoner parole does not constitute an adjudication under the Administrative Agency Law. Because the Administrative Agency Law allows appeals to courts only after adjudications are made by an agency, the *Reider* court held that prisoners had no right to appellate review from the denial of parole. This Court has never addressed whether *Reider* was correctly decided by the Commonwealth Court. For the reasons described below, we believe that *Reider* was correctly decided.

Article V, Section 9 of the Pennsylvania Constitution provides that:

> [T]here shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court,

the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

As this Court has noted, Article V, Section 9:

[I]ntroduced a new concept to Pennsylvania jurisprudence, one which recognized the important position of administrative agencies in modern government, the quasi-judicial functions that many of them perform, and the fact that both property rights and personal rights can be seriously affected by their decisions. This section was not, of course, self-executing, and on December 2, 1968, the General Assembly adopted four statutes designed to implement it. They were Acts Nos. 351, 353, 354, and 355 ... Act No. 354 is an amendment to the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, as amended, 71 P.S. § 1710.1 *et seq.* [repealed 1978, April 28, P.L. 202; reenacted at 2 Pa.C.S. § 101, *et seq.*] and provides for appeals from "agencies of the Commonwealth" as defined by that law.

*Smethport Area Sch. Dist. v. Bowers,* 440 Pa. 310, 314–15, 269 A.2d 712, 715 (1970).

Pursuant to the Administrative Agency Law, a court reviewing an action of a Commonwealth agency is limited to determining whether a constitutional violation, an error of law or a violation of agency procedure has occurred and whether the necessary findings of fact are supported by substantial evidence. An individual, however, is only entitled to such review from an adverse decision by a Commonwealth agency where such a decision constitutes an adjudication. 2 Pa.C.S. § 702.[3] An adjudication is defined by the Administrative Agency Law as:

[A]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privi-

**3.** 2 Pa.C.S. § 702 provides that:

[A]ny person aggrieved by an *adjudication* of a Commonwealth agency who has a direct interest in such *adjudication* shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial proceedings) (emphasis added).

leges, immunities, duties, liabilities or obligations of any or all of the parties to the proceedings in which the adjudication is made. The term *does not include any order based upon a proceeding* before a court or *which involves* the seizure or forfeiture of property, *paroles,* pardons, or releases from mental institutions.

2 Pa.C.S. § 101 (emphasis added).

■ Here, the definition of adjudication clearly and unambiguously provides that parole decisions are not ones which are subject to appellate review by the courts. Therefore, because the General Assembly, in its wisdom, has conferred upon the Parole Board sole discretion to determine whether a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside of the confines of prison, we hold that the courts of the Commonwealth do not have statutory jurisdiction to conduct appellate review of a decision of the Board, since such a decision does not constitute an adjudication.

■ Appellants further argue that even if a parole decision does not constitute an adjudication which is statutorily subject to appellate review by the courts, there still exists a constitutionally-guaranteed right of appeal from the Parole Board's actions under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Appellants cite *Bronson v. Bd. of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981), in support of this contention. In *Bronson,* recognizing that a person who has been released on parole has a liberty interest in his freedom, this Court held that a released prisoner has a constitutionally-guaranteed right to seek review of an adverse parole *revocation* decision. However, the constitutionally-guaranteed right of review language in *Bronson* is narrowly confined to the parole revocation process. As the United States Supreme Court noted in *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 9, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), parole release and parole revocation are quite different in that parole revocation involves a paroled prisoner

who presently enjoys a certain limited liberty to pursue employment and familial relationships outside the confines of prison, while parole release involves a prisoner who has no present liberty interest as a result of his confinement within a prison. Furthermore, as this Court stated in *Commonwealth ex rel. Sparks v. Russell,* 403 Pa. 320, 169 A.2d 884 (1961), parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence. Thus, under both this Court's precedent and the precedent of the United States Supreme Court, the Parole Board's decision to grant or deny parole does not affect an existing enjoyment of liberty. Consequently, appellants fail to establish that they have a liberty interest in parole which is protected by the United States Constitution.

▮ In sum, we conclude that appellants have failed to demonstrate that they have a right to appellate review from a Parole Board decision denying parole under either the Administrative Agency Law or the Federal Constitution. This Court will not undertake to create such a right as a matter of judicial fiat. To hold otherwise would defeat the clearly stated intent of the Legislature by inviting an appeal from *every* denial of parole and by concomitantly extending the panoply of constitutional protections that apply to parole revocations to parole denials as well, including the right to the assistance of an attorney to pursue these claims.[4] What is now an informal agency hearing would instead become a full-fledged, adversarial proceeding with the panoply of rights required. Because we do not believe that is what the General Assembly contemplated when it adopted the parole procedure, we find that Parole Board determinations, since they do not constitute an

4. In *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), this Court first found that a parolee is entitled to due process protections when the Commonwealth seeks to revoke his parole since it involves a liberty interest. The Court also found that a parolee has the right to assistance of an attorney during the revocation hearing process. The right to the assistance of counsel during the revocation process was reaffirmed by this Court in *Bronson,* suprai.

adjudication by an agency, are not reviewable.[5]  Therefore, we affirm the order of the Commonwealth Court.  Jurisdiction is relinquished.

Justice NIGRO files a dissenting opinion.

NIGRO, Justice, dissenting.

I dissent from the majority's conclusion that a decision of the Pennsylvania Probation and Parole Board (hereinafter "Parole Board") to deny an application for parole upon expiration of an inmate's minimum sentence is not subject to judicial review.

Section 21 of the Act of August 6, 1941, (Parole Act), P.L. 861, as amended, 61 P.S. § 331.21, provides:

The board [of Probation and Parole] is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board ... whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby.  The power to parole herein granted to the Board of Parole may not be exercised in the board's discretion at any time before, but only after,

the expiration of the minimum term of imprisonment fixed by the court in its sentence ...

In *Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commw. 333, 514 A.2d 967 (1986), the Commonwealth Court determined that since the Parole Board is a Commonwealth agency, whether or not its decision is reviewable is

5.  While appellants are not entitled to appellate review of a Parole Board decision, they may be entitled to pursue allegations of constitutional violations against the Parole Board through a writ of *mandamus,* or through an action under 42 U.S.C. § 1983.  *Mandamus* is an extraordinary remedy which is available to compel the Parole Board to conduct a hearing or to apply the correct law.  *Bronson, supra,* at 554, 421 A.2d at 1023.  Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution.  *Collins v. City of Harker Heights,* 503 U.S. 115, 121, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

governed by the Administrative Agency Law ("the Law"), 2 Pa.C.S. §§ 701–704. The Law applies "to all Commonwealth agencies regardless of the fact that a statute expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review." *Id.* at § 701.

The Law allows appeals from adjudications by Commonwealth agencies. *Id.* at § 702. It defines "adjudication" as:

[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The *term does not include any order* based upon a proceeding before a court or *which involves* the seizure or forfeiture of property, *paroles,* pardons or releases from mental institutions.

*Id.* at § 101 (emphasis added). The *Reider* Court concluded that denials of parole are not reviewable by the Commonwealth Court since a Board action denying parole is not an "adjudication" within the purview of Administrative Agency Law. *Reider,* 100 Pa. Commw. at 338, 514 A.2d at 969. The issue of judicial review of a denial of a parole petition in the wake of *Reider* has not been addressed by this Court.[1]

Prior to *Reider,* in *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981), this Court addressed whether the Parole Board's decision revoking parole is subject to judicial review. The Court found that the Parole Board is an "administrative agency" within the meaning of the state constitutional provision providing for a right of appeal from an administrative agency to a court of record or to an appellate court pursuant to Article V, Section 9 of the Pennsylvania Constitution. The Court said:

The Constitution of Pennsylvania was amended in 1968 to expressly provide for appeals to court of record from admin-

1. The Third Circuit Court of Appeals recently addressed the Commonwealth Court's decision in *Reider.* *See Burkett v. Love,* 89 F.3d 135 (3d Cir.1996).

istrative agencies. Section 9 of Article V of our Constitution states:

§ 9. Right of appeal

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

Since the Board of Probation and Parole is an administrative agency of the Commonwealth, the Constitution mandates that a person dissatisfied with its decisions must have the right to appeal that decision "to a court of record or to an appellate court." *Id.* at 1023.

Thus, *Bronson* established that under Article V, Section 9, there is a constitutional right to appeal the revocation of parole.

The *Reider* Court recognized the Court's decision in *Bronson* but drew a distinction between parole revocations and parole denials. It found a constitutionally protected liberty interest in parole revocations, but no similar interest in parole denials. The Commonwealth Court therein stated, "[I]n a parole revocation hearing the parolee's liberty is at stake but in the matter of a parole release, the inmate, of course, is already confined." *Reider,* 100 Pa. Commw. at 341, 514 A.2d at 971 (citing *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)). The principle thus emerging from *Reider* is that unless a protected liberty interest is affected, a prisoner is precluded from the right to appeal pursuant to Article V, Section 9 of the Pennsylvania Constitution.

While the mere possibility of parole affords no constitutional rights to prisoners, a state may confer by statute a liberty interest in parole. *Greenholtz, supra,* 442 U.S. at 10, 99 S.Ct.

2100 (citing *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).[2] The Pennsylvania Probation and Parole Act, however, has not done so. Pursuant to 61 P.S. § 331.17, the Pennsylvania Legislature has mandated that the Board shall have "exclusive power" to parole.[3] In accordance with 61 P.S. § 331.19, a duty is imposed upon the Board to consider the nature and character of the offense committed, any recommendation made by the trial judge, the general character and history of the prisoner and the written or personal statement or testimony of the victim or the victim's family.[4] Our courts have consistently found that the Parole Act does not create a liberty interest in parole. *Blair v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commw. 41, 467 A.2d 71 (1983), *cert. denied*, 466 U.S. 977, 104 S.Ct. 2358, 80 L.Ed.2d 830 (1984). Rather, parole is a matter of grace and mercy shown to a prisoner who has demonstrated, to the Board's satisfaction, his ability to function as a law-abiding citizen. *Commonwealth ex. rel. Sparks v. Russell*, 403 Pa. 320, 169 A.2d 884 (1961).

**2.** In *Greenholtz*, the Court found a liberty interest in denying parole because the Nebraska statutory procedures expressly mandated that its Board of Pardons "shall" order the prisoner's release "unless" one of the specified reasons for denial existed. *See Hennessey v. Pennsylvania Board of Pardons*, 655 A.2d 218 (Pa.Commw.1995).

**3.** 61 P.S. § 331.17 reads in pertinent part:

The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter ...

**4.** 61 P.S. § 331.19 reads in pertinent part:

It shall be the duty of the board, upon the commitment to prison of any person whom said board is herein given the power to parole, to investigate and inform itself respecting the circumstances of the offense for which said person shall have been sentenced, and, in addition thereto, it shall procure information as full and complete as may be obtainable with regard to the character, mental characteristics, habits, antecedents, connections and environment of such person ... Said investigation shall be made by the board so far as may be practicable while the case is recent, and in granting paroles the board shall consider the nature and character of the offense committed, any recommendation made by the trial judge, the general character and history of the prisoner and the written or personal statement or testimony of the victim or the victim's family submitted pursuant to section 22.1 of this act....

It does not follow from Appellants' lack of liberty interest, however, that the Parole Board's decision is not subject to appellate review. *Bronson* established a constitutionally-guaranteed appeal from the Parole Board's actions. *Bronson* did not limit those appeals to cases implicating liberty interests. The denial of parole may be improperly based on considerations violating other constitutional rights, such as equal protection and substantive due process. *See Block v. Potter,* 631 F.2d 233, 235 (3d Cir.1980)(even though *Greenholtz* held that there is no liberty interest in parole release, once a state decides to provide that which it is not constitutionally compelled to offer, it does not mean there are no constitutional limitations whatsoever on the basis for making decisions).[5] As such, I conclude that the guarantee of an appeal established in Article V, Section 9 of the Constitution, that the Court found applies to parole revocation decisions in *Bronson,* applies equally to parole denials. Accordingly, I would overrule *Reider.*

Although I would allow judicial review, that review would be limited. In view of the specialized knowledge and expertise required of the Board in making parole determinations, our courts have consistently held that we will not interfere with the discretion of the Board. *See* 61 P.S. § 331.19. *See also Commonwealth v. Brittingham,* 442 Pa. 241, 275 A.2d 83 (1971)(granting of parole is not a matter of right but a matter of administrative discretion); *Commonwealth v. Vladyka,* 425 Pa. 603, 229 A.2d 920 (1967) (broad discretion committed to parole board by legislature).

At the same time, once the legislature establishes a system of parole, a person seeking parole is entitled to have his application properly and fairly processed, and the Board has a

5. *See also Reider,* 100 Pa. Commw. at 344, 514 A.2d at 972 (Barry, J., dissenting)(carrying *Reider* to its logical extreme means that the Board could refuse to grant parole based on race, sex or other improper classification); *Burkett v. Love,* 89 F.3d 135 (1996)(rejecting *Reider* and discussing other constitutional rights that the Parole Board could violate).

mandatory duty to exercise its discretion in accordance with the United States and Pennsylvania Constitutions. Indeed, the presence of a large measure of discretion in a parole system does not amount to a license for arbitrary parole decisions founded on impermissible criteria. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir.1980).

In recognition, however, of the broad grant of discretion empowered to the Board in parole matters by statute, appellate review of a Board order granting or denying parole is limited to a determination of whether the Board failed to exercise any discretion at all, whether the Board arbitrarily and capriciously abused its discretion so as to amount to a violation of a constitutional right, and whether or not the Board violated any constitutional rights of the prisoner.[6]

In sum, I would reverse the Orders of the Commonwealth Court dismissing Appellants' appeals and remand these matters to the Commonwealth Court for review consistent with this opinion.

**6.** Prior to the Commonwealth Court's decision in *Reider,* a prisoner having been denied parole could challenge that decision in the courts on the limited basis that the Board (1) failed to exercise any discretion; (2) abused its discretion; or (3) violated the prisoner's constitutional rights. *Barnhouse v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commw. 512, 492 A.2d 1182(1985); *Counts v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commw. 277, 487 A.2d 450 (1985); *Kastner v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commw. 157, 467 A.2d 89 (1983); *Banks v. Pennsylvania Board of Probation and Parole,* 4 Pa. Commw. 197 (1971).