**Gennaro RAUSO**

v.

**Donald VAUGHN, et al.**

**Civil Action No. 99–2392.**

United States District Court, E.D. Pennsylvania.

Jan. 11, 2000.

Gennaro Rauso, Graterford, PA, pro se.

Francis R. Filipi, Seth A. Mendelsohn, Office of Attorney General, Harrisburg, PA, for Respondents.

### ORDER–MEMORANDUM

LUDWIG, District Judge.

AND NOW, this 11th day of January, 2000, upon petitioner Gennaro Rauso's motion for reconsideration, the order of November 4, 1999 denying his habeas corpus petition is vacated. However, the petition is again denied, on other grounds.

■ The order of November 4, 1999 was entered for the reason that the requested relief appeared to constitute a second or successive petition. Given that Rauso's earlier habeas petitions had been dismissed without prejudice, they should not have been counted in determining whether there was a second or successive petition.

1. The order was amended to correctly state "dismissed" rather than "denied." Order, April 4, 1999.

2. Although not entitled to review of the parole board denial, petitioner could "pursue allegations of constitutional violations against the Parole Board through a writ of mandamus." *Rogers*, 724 A.2d at 323 n. 5. Recent decisions

A brief recounting of this confusing procedural history may be helpful.

On December 16, 1998, Rauso's first habeas petition (Civ. No. 98–5273)—claiming unlawful denial of parole—was dismissed for failure to exhaust. On December 4, 1998, he filed a second petition (Civ. No. 98–6312)—making the identical claim. On March 1, 1999, that petition was dismissed on the merits.[1] An accompanying memorandum concluded—incorrectly—that exhaustion is inapplicable to a Pennsylvania denial of parole. No constitutional violation had been alleged. *Rauso v. Vaughn,* Civ. No. 98–6312, 1999 WL 111474 at *2 (E.D.Pa. Mar.1, 1999) *citing, Rogers v. Pa. Bd. of Probation and Parole,* 555 Pa. 285, 292, 724 A.2d 319, 323 (Pa.1999).

On March 31, 1999, on Rauso's motion, the March 1, 1999 order was vacated, and the petition was summarily dismissed without prejudice under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* Order, March 31, 1999. It was noted that exhaustion as to the denial of a parole claim is required.[2] *Id.*

On May 10, 1999, Rauso filed a third habeas petition (Civ. No. 99–2392)—again claiming unlawful denial of parole. It was this petition that resulted in the order of November 4, 1999 denying the petition as a second or successive petition. Order, November 4, 1999.

■ Since Rauso's first two petitions were dismissed for failure to exhaust, there was no "first" petition, and his third habeas petition should not have been considered a second or successive petition.

in this district have held mandamus is required before a federal habeas petition may be entertained. *See Hargrove v. Pennsylvania Bd. of Probation and Parole,* Civ. No. 99–1910, 1999 WL 817722 (E.D.Pa. Oct.12, 1999); *Carter v. N.P. Muller,* 45 F.Supp.2d 453 (E.D.Pa. 1999); *Cohen v. Horn,* Civ. No. 97–7175 1998 WL 834101 (E.D.Pa. Dec.2, 1998).

Unless a writ of mandamus has been pursued, his claim remains unexhausted.[3]

Despite the failure to exhaust, the present petition will be denied on the merits since no constitutional violation has been substantiated. *See* 28 U.S.C.A. 2254(b)(2) (West 1999) ("an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of an applicant to exhaust the remedies available in the courts of the State.").[4]

Here, the petition alleges that the Pennsylvania Board of Probation and Parole violated Rauso's due process rights by relying on false or unreliable information, and by acting in retaliation for his filing lawsuits and grievances against prison officials. *See* Hab. Pet. at 16 ¶¶ 28, 29.

■ The denial of parole itself cannot constitute a procedural due process violation inasmuch as there is no federal liberty interest in parole release. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7–10, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Furthermore, parole is not a protected liberty interest in Pennsylvania. *See Rogers*, 724 A.2d at 323; *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir.1996).

Some years ago, our Court of Appeals decided that denial of parole may give rise to a due process deprivation once a state "decides to provide that which is not constitutionally required to offer." *See Block v. Potter*, 631 F.2d 233, 235 (3d Cir.1980). Under *Block*, a parole denial can constitute a due process deprivation based on factors such as "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing."

*Block*, 631 F.2d at 236 n. 2.[5] What the petition alleges—that parole was denied in retaliation for his filing lawsuits and grievances against prison officials—can amount to a due process violation. *See Burkett*, 89 F.3d at 140. However, there is no evidence that Rauso was refused parole for this reason. Instead, the record shows that the denial was based on nine misconducts and the failure to participate in a drug and alcohol program. *See* Grievance Response No. 1307–98, attached as Exhibit P–17 to Petitioner's Amended Petitioner for Writ of Habeas Corpus. The petition does not controvert those facts.

■ *Block* also held that the denial of parole can violate equal protection interests. 631 F.2d at 240. But here, too, the petition does not allege that petitioner was treated differently from other similarly situated parole candidates.

Accordingly, the habeas corpus claim must be denied on the merits.

---

3. On the exhaustion issue, the petition states that all state remedies were exhausted. However, there is no reference to mandamus and, inferentially, that recourse has not occurred.

4. Under § 2254(b)(2) the same result was reached in *Hargrove*, 1999 WL 817722 (refusal of parole claim denied on the merits albeit no writ of mandamus.).

5. The continued vitality of *Block* is questionable. *See Jubilee v. Horn*, No. 97–1755, slip op. at 1 (3d Cir.Mar. 26, 1998) (unpublished per curiam decision) ("[N]ot only do courts of appeals in other circuits disagree with *Block*, but more recent decisions by this Court suggest that *Block* may be obsolete.").