

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2003

# Thorpe v. Grillo

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3171

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Thorpe v. Grillo" (2003). *2003 Decisions.* Paper 170.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/170

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 00-3171

———————

FRANCIS CHARLES THORPE, JR.,

<u>Appellant</u>

v.

JOSEPH GRILLO; BERNARD CHIPEGO; WILLIAM CURRAN;
WILLIAM MISHLER; TIMOTHY W. SMITH, JOHN DOE,
et al. each in his own capacity

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 98-cv-00539)
District Judge: Hon. William J. Nealon

———————

Argued October 14, 2003

Before: SLOVITER, ROTH, and CHERTOFF, <u>Circuit</u> <u>Judges</u>

(Filed October 31, 2003)

———————

Scott D. Slater        (Argued)
Matthew C. Flannery
Jones Day
Pittsburgh, PA 15219

        Attorney for Appellant

D. Michael Fisher
     Attorney General
Daniel J. Doyle
     Senior Deputy Attorney General
Calvin R. Koons
     Senior Deputy Attorney General
John G. Knorr, III
     Chief Deputy Attorney General
     Chief, Appellate Litigation Section
Sarah C. Yerger    (Argued)
Office of Attorney General
Litigation Section
Harrisburg, PA 17120

     Attorneys for Appellees


<u>OPINION OF THE COURT</u>

SLOVITER, <u>Circuit Judge</u>.

## I.

Francis Charles Thorpe, Jr., a former Pennsylvania prison inmate, appeals from the District Court's grant of summary judgment in favor of defendants, Pennsylvania prison officials, on all substantive claims in Thorpe's suit against them pursuant to 42 U.S.C. § 1983. The District Court also denied Thorpe's motion to compel deposition. Thorpe appeals both orders.

Thorpe, who was convicted in a Pennsylvania court in November 1987 of raping his minor-aged stepdaughter, was sentenced to five to ten years, with the five-year minimum sentencing period expiring on October 22, 1995 and the ten-year maximum sentencing period expiring on October 22, 2000. The victim later recanted her trial

testimony incriminating Thorpe, who had steadfastly maintained his innocence throughout his incarceration.

The Pennsylvania Department of Corrections ("DOC") requires sex offender inmates to complete a treatment program in order to receive the prison's recommendation for parole. To participate in the treatment program, an inmate must first admit that s/he had committed a sex offense. The DOC asserts that the treatment would be ineffective in the absence of such admission, an assertion Thorpe does not challenge. Thorpe was consequently denied participation in the treatment program, and did not receive a DOC recommendation for parole.

After Thorpe's minimum sentence expired, the Pennsylvania Board of Probation and Parole ("Parole Board") considered Thorpe's application for parole on three occasions. On each occasion, the Parole Board denied Thorpe's application on the grounds that he had not completed the sex offender treatment program and had not received a favorable recommendation for parole from the DOC. Thorpe has subsequently been released from prison.

During his incarceration, Thorpe held a job at State Correctional Institution ("SCI"), Cresson ("SCI-Cresson") as a computer operating clerk. On November 7, 1995, he was removed from that job and reassigned janitorial tasks, ostensibly because of poor work performance. Thorpe asserts, however, that a "confidential source" informed him that his removal from that job was in retaliation for having complained of "not being

3

allowed in suitable [treatment] programs because he did not admit to the crime he was convicted of." App. at 198.

Thorpe initiated this § 1983 suit in federal court by filing a short form pro se complaint alleging violations of his Fourteenth Amendment right to due process, Fifth Amendment right to freedom from compelled self-incrimination, and retaliation claims based on the exercise of his Fifth Amendment privilege and First Amendment right to access the courts. Thorpe named as defendants six prison officials: Joseph Grillo, a counselor at SCI-Waymart; Bernard Chipego, a unit manager at SCI-Waymart; William Curran, a counselor at SCI-Cresson; William Mishler, the inmate employment manager at SCI-Cresson; Timothy W. Smith, a counselor at SCI-Cresson; and John Doe, a counselor at SCI-Graterford (collectively referred to as "Prison Officials"). Discovery began following the transfer of this case from the Eastern District to the Middle District of Pennsylvania.

On August 31, 1998, Thorpe, still acting pro se, wrote to counsel for the Prison Officials inquiring of the general arrangements for taking depositions. He received no response. After the Prison Officials filed a motion for summary judgment, Thorpe served a motion to compel oral depositions. The District Court denied Thorpe's motion to compel because he had "failed to notice the deposition of any party or non-party in accordance with the applicable [Federal Rules of Civil Procedure and local District Court rules]," because he "remain[ed] responsible for conducting his own discovery" without

4

need for leave of court, and because he had never identified specific individuals to depose. App. at 29-31. The District Court also denied Thorpe's subsequent motion for reconsideration.

The District Court denied the Prison Officials' motion for summary judgment without prejudice to allow Thorpe additional time to complete discovery. Thereafter, the Court granted the Prison Officials' renewed motion for summary judgment. The Court determined that (1) Thorpe had no Fourteenth Amendment liberty interest in consideration for parole; (2) requiring an admission of guilt as a condition for participating in the sex offender treatment program does not violate Thorpe's federally protected rights, including the Fifth Amendment protection against self-incrimination; (3) the statute of limitation barred Thorpe's job retaliation claim as well as all claims prior to December 15, 1995; and (4) Thorpe failed to adduce evidence in support of his claim of retaliatory transfer. Thorpe appeals the District Court's denial of his motion to compel deposition and entry of summary judgment on the other claims. This court appointed pro bono counsel for Thorpe.[1]

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1291.

We have plenary review of a grant of summary judgment. This court must "view

---

[1] We express our appreciation to Scott D. Slater of the Pittsburgh office of Jones Day for undertaking his services pro bono.

the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (quotation and citation omitted). We review orders concerning the scope or opportunity for discovery for abuse of discretion. Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000). Because this appeal raises issues of interest only to the parties, we dispose of it with a not precedential opinion.

A. Thorpe's Fourteenth Amendment Claim

Thorpe claims that the DOC's policy, as enforced by the Prison Officials, of denying sex offender therapy treatment to those refusing to admit guilt violated his Fourteenth Amendment liberty interest because he was thereby not considered for parole. The Prison Officials respond that the authority to grant parole under Pennsylvania law is vested solely in the Parole Board, see 61 Pa. Cons. Stat. § 331.17 (2003),[2] and Thorpe "has sued the wrong parties." Thorpe replies that such "real party in interest" argument constitutes an affirmative defense that may not be raised for the first time on appeal. In

---

[2] The Pennsylvania statute states:

> The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided.

61 Pa. Cons. Stat. § 331.17 (2003).

6

the alternative, Thorpe argues that the Prison Officials as DOC employees enforcing DOC policies are the "real party in interest" under 42 U.S.C. § 1983.

We need not resolve this "real party in interest" issue because the facts demonstrate that the Parole Board considered Thorpe for parole on no less than three occasions during his incarceration. On each occasion, the Parole Board rejected Thorpe's application because he had not completed the sex offender treatment program and had not received a favorable recommendation from the DOC. Even if existing DOC policy regarding treatment programs and parole recommendations may have adversely affected Thorpe's parole applications, the Parole Board's duty was merely to review these applications as required under Pennsylvania law. See Marshall v. Pa. Bd. of Prob. & Parole, 638 A.2d 451, 454 (Pa. Commw. Ct. 1994) (stating that under Pennsylvania statute, the Parole Board has mandatory duty to consider parole applications by prisoners). Thorpe's claim, therefore, is not supported by the facts.[3]

The Parole Board's consideration of Thorpe's parole applications is sufficient for Fourteenth Amendment due process purposes because "[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981)

---

[3] Thorpe's counsel argues that Thorpe submitted five applications and notes the absence of any record evidence of consideration of the other two applications. Inasmuch as the applications that were denied both preceded and succeeded the other two applications, we decline to make the assumption that they would have been treated differently by the Board.

7

(quoting Greenholtz v. Inmates of Neb. Penal. & Corr. Complex, 442 U.S. 1, 7 (1979)).

While "States may under certain circumstances create liberty interests which are protected

by the Due Process Clause," Sandin v. Conner, 515 U.S. 472, 483-84 (1995), the

Pennsylvania Supreme Court has long held that "a denial of parole does not implicate a

constitutionally protected liberty interest." Coady v. Vaughn, 770 A.2d 287, 291 (Pa.

2001); see also Rogers v. Pa. Bd. of Prob. & Parole, 724 A.2d 319, 322-23 (Pa. 1999)

(affirming Parole Board's discretion to grant or deny parole because "parole is a matter of

grace and mercy shown to a prisoner who has demonstrated to the Parole Board's

satisfaction his future ability to function as a law-abiding member of society upon release

before the expiration of the prisoner's maximum sentence"). The District Court,

therefore, did not err in granting summary judgment on Thorpe's Fourteenth Amendment

Claim.

B. Thorpe's Fifth Amendment Claim

Thorpe also contends that the DOC's policy of excluding from the sex offender

treatment program those who do not admit guilt to the offense violated his Fifth

Amendment right against self-incrimination. Thorpe argues that by forcing him to choose

between maintaining his innocence and participating in a treatment program necessary for

parole recommendation, the DOC was in effect imposing an automatic punishment on

him for remaining silent.

Thorpe's Fifth Amendment claim is unpersuasive. The DOC's policy did not force

8

Thorpe to incriminate himself in a criminal trial. See Chavez v. Martinez, 123 S. Ct. 1994 (2003) (suggesting that violations of prophylactic rules safeguarding the right against self-incrimination do not amount to actual constitutional violations as required for civil liability under § 1983); see also Renda v. King, Nos. 01-2421, 01-2498, 2003 WL 22351620, at *7 (3d Cir. Oct. 16, 2003) (stating that "it is the use of coerced statements during a criminal trial . . . that violates the Constitution") (citation omitted). Moreover, Thorpe did not receive additional punishment for maintaining his innocence under the DOC's policy. His refusal to admit his guilt and the resulting inability to participate in the treatment program did not extend his term of his incarceration or automatically deprive him of consideration for parole. See McKune v. Lile, 536 U.S. 24, 38, 43-45 (2002) (Kennedy, J., plurality) (characterizing compulsion under the Fifth Amendment as hinging on the automatic nature and severity of the threatened punishment). Thorpe was not entitled to parole, just to consideration for parole. The DOC's policy did not automatically deprive him of consideration for parole, although it may have been influential in that respect. Therefore, the District Court did not err in entering summary judgment in favor of the Prison Officials on Thorpe's Fifth Amendment self-incrimination claim.

C. The Statute of Limitations for Thorpe's Job Retaliation Claim

Thorpe had no vested interest in any particular prison job, or in any job at all. The prison officials could have removed him for any reason, or no reason at all. His claim on

that ground must fail.  Even if he had a claim, it would be barred by the statute of limitations.  The appropriate limitation period for a § 1983 action brought in Pennsylvania is the two-year limitation provided by 42 Pa. Cons. Stat. Ann. § 5524.  Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985).  Thorpe was removed from his position as computer operating clerk on November 7, 1995, and he initiated this action in the District Court on December 15, 1997.  Based on these facts alone, Thorpe's claim of job retaliation by the Prison Officials is untimely, as the District Court found.

We reject Thorpe's assertion that the action of the Prison Officials constituted a continuing violation that tolled the statute of limitation.  In Cowell v. Palmer Township, 263 F.3d 286 (3d Cir. 2001), we identified at least three factors relevant to analyzing a continuing violation claim:

> (1) subject matter–whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency–whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence–whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

Id. at 292.  The enforcement of the DOC requirements governing participation in the sex offender treatment program is a distinct subject matter than Thorpe's removal from his computer clerk position.  We are also not persuaded by Thorpe's assertion that a permanent job transfer constitutes a continuing violation in itself, as Thorpe does not

10

allege any recurring acts by the Prison Officials that would satisfy <u>Cowell</u>'s frequency requirement.

Because Thorpe received notice on the day of his job transfer, and did not file his claim within the two-year statute of limitations, he is time-barred from pursuing his job retaliation claim.

<u>D. District Court's Denial of Thorpe's Motion to Compel Deposition</u>

We review a district court's order concerning discovery for abuse of discretion. We "will not upset a district court's conduct of discovery procedures absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible." <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 778 (3d Cir. 2000) (quotation and citation omitted). The record shows that Thorpe had ample opportunity to conduct discovery, including identifying individuals for deposition and serving notice on them. Because Thorpe never precisely identified to the District Court the individuals he intended to depose, we cannot hold that the District Court abused its discretion in denying Thorpe's motion to compel deposition.

**III.**

For the reasons discussed above, we will affirm the District Court's denial of Appellant's motion to compel deposition and entry of summary judgment.

11

_____

TO THE CLERK:

     Please file the foregoing opinion.


     /s/   Dolores K. Sloviter
     Circuit Judge