# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vernon Hill, :
                Petitioner :
  :
          v. : No. 1136 C.D. 2018
  : Argued: November 14, 2019
Pennsylvania Board of Probation : 
and Parole, :
              Respondent :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER             FILED: January 6, 2020

Vernon Hill (Hill) petitions for review of the Administrative Order of the Pennsylvania Board of Probation and Parole (Board) mailed July 26, 2018, that dismissed as unauthorized Hill's Administrative Appeal of the Board's June 6, 2018 decision denying him parole. In his petition for review, Hill argues that the administrative appeal should be allowed because the Board relied on inaccurate and incomplete records to deny him parole, thereby depriving him of due process and fundamental fairness. Hill further argues that he has a constitutional and/or statutory right to appointed counsel for all of his parole proceedings under Section 6(a) of the Public Defender Act[1] (Act), 16 P.S. § 9960.6(a), which he was denied.

_____

[1] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.1-9960.13.

Because the Board's denial of parole is not subject to appeal, we must quash Hill's petition for review. We, therefore, do not address Hill's arguments that he has a right to appointed counsel in all parole proceedings as they are not properly before us at this time.

## I.      Background

Hill is currently serving a total sentence of 16 to 35 years' imprisonment having been found guilty of third-degree murder, criminal conspiracy to commit murder (third degree), and firearm not to be carried without a license. (Certified Record (C.R.) at 1-2.) Hill's minimum date expired on April 22, 2011, and his maximum date is April 22, 2030. (*Id.* at 2.)

In anticipation of the expiration of his minimum date, the Board considered Hill for parole in January 2011. As part of its review, the Board interviewed Hill, examined his file, obtained recommendations from the prosecuting attorney and the Department of Corrections (DOC) (both negative), and "considered all matters required pursuant to the [Prisons and] Parole [Code[2]]." (*Id.* at 4.) Based on its review, the Board denied Hill parole for a variety of reasons, including his need to participate in and complete institutional programs, his behavior within the institution, and an unsatisfactory parole supervision history. (*Id.*) The January 10, 2011 notice set forth factors the Board would consider in its next review of Hill for parole, such as whether he participated in/completed a sex offender treatment program, had a clear conduct record, and obtained a favorable recommendation from DOC. (*Id.* at 4-5.)

---

[2] 61 Pa. C.S. §§ 101-7123.

2

The Board again considered Hill for parole in February 2012, March 2013, November 2014, and January 2018, and each time denied him parole. (*Id.* at 6-12.) Sometimes the Board cited the same bases as set forth above, and other times it cited other reasons for its decision. The only reason specifically provided in the January 29, 2018 decision was his "institutional behavior, including reported misconducts." (*Id.* at 12.) In the January 29, 2018 decision, the Board noted that in its next review, it would consider "whether [Hill] . . . maintained a favorable recommendation for parole from [DOC]" and "whether [Hill] . . . received/maintained a clear conduct record." (*Id.*) By decision recorded June 6, 2018, the Board again denied Hill parole.[3] (*Id.* at 13.) This time, it cited Hill's reported misconducts, a negative recommendation from DOC, his unsatisfactory parole supervision history, certain reports or evaluations that reflected he was a risk to the community, his minimization or denial of the circumstances/nature of the offenses he committed, and his lack of remorse. (*Id.*) The Board advised Hill that, at its next review, it would consider whether he had a favorable recommendation from DOC and a clear conduct record. (*Id.* at 13-14.)

Hill filed an "Administrative Appeal" from the June 6, 2018 decision, challenging on evidentiary bases the reasons given for denying him parole, namely that the reported misconducts and unsatisfactory parole supervision history were unsupported because he had no misconducts since his last parole review and had remained in custody without any opportunity at parole supervision. (*Id.* at 15-16.) He also asserted that the other bases given, his minimization or denial regarding

---

[3] Other than the date of when the decision denying parole was recorded, there is no date on this Notice of Board Decision reflecting when it was mailed or otherwise provided to Hill. (C.R. at 13-14.)

the offense committed and lack of remorse, would require him to admit guilt for offenses of which he maintained he was innocent and would violate his constitutional rights. (*Id.* at 16.) Hill contended that the denial of parole in June 2018 on the same misconduct that resulted in the January 2018 denial punished him twice for the same conduct. (*Id.*) He further challenged the negative recommendation of the institution's new superintendent because the new superintendent, having only been appointed two weeks prior to Hill's parole review, had no opportunity to observe Hill. (*Id.* at 16-17.) Hill attached various appeal documents related to a prior misconduct to his appeal. (*Id.* at 18-27.) In his appeal, Hill asked the Board to reconsider its decision denying him parole. (*Id.* at 17.)

On July 26, 2018, the Board mailed its Order in response to Hill's appeal of the June 6, 2018 denial of parole. (*Id.* at 29.) Therein, the Board dismissed Hill's appeal as unauthorized because, pursuant to the Board's regulation at 37 Pa. Code § 73.1, administrative relief is not available for parole denials. It further noted that there is no constitutional right to parole under either federal or Pennsylvania law. (*Id.* (citing *Jago v. Van Curen*, 454 U.S. 14 (1981); *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319 (Pa. 1999)).) Last, the Board pointed out there is no right to review of the denial of parole because that decision is within the Board's discretion. (*Id.*) The Board's Order stated that if Hill wanted to appeal the Board's decision to this Court, he could do so within 30 days of the Order's mailing date.

Hill filed the pending petition for review. Therein, Hill argues that his appeal should be permitted because the Board's decision was based on inaccurate and incomplete records, thereby depriving him of due process and fundamental fairness. Hill also contends he was entitled to appointed counsel for his parole

4

proceedings which he did not receive. This Court appointed counsel to represent Hill.

## II. Discussion
### A. Whether the Board abused its discretion in dismissing Hill's appeal from the denial of parole.

Hill argues the Board abused its discretion by denying him his constitutional right to appeal the administrative decision denying him parole. He contends that article V, section 9 of the Pennsylvania Constitution allows for appeals from administrative agencies, like the Board, to a court of record or an appellate court. PA. CONST. art. V § 9.[4] While the Board is given the exclusive power to parole persons sentenced to imprisonment in a correctional institution, Hill argues this power is not unqualified, as the Board must consider certain factors in determining whether to grant parole. *See* Sections 6132, 6135(a) of the Prisons and Parole Code, 61 Pa. C.S. §§ 6132 (granting the Board exclusive power to parole persons sentenced by a court to any term of imprisonment in a correctional institution), 6135(a) (setting forth the factors the Board may consider when deciding whether to grant parole).[5] Hill maintains that fundamental due process precludes the arbitrary

---

[4] Article V, section 9 of the Pennsylvania Constitution states, in pertinent part: "[t]here shall . . . be a right of appeal . . . from an administrative agency to a court of record or to an appellate court, . . . ; and there shall be such other rights of appeal as may be provided by law." PA. CONST. art. V § 9.

[5] The Board is to consider the following when determining whether to grant parole:

(1) The nature and circumstances of the offense committed.
(2) Any recommendations made by the trial judge and prosecuting attorney.
(3) The general character and background of the inmate.
(4) Participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department of Corrections.

**(Footnote continued on next page…)**

5

or capricious exercise of this discretion. *Kent v. United States*, 383 U.S. 541, 553-54 (1966); *Zannino v. Arnold*, 531 F.2d 687, 690-91 (3d Cir. 1976). Hill acknowledges there is no liberty interest in parole, *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979), and no due process created liberty interest in parole, *Jago*, 454 U.S. at 17-18; *Rogers*, 724 A.2d at 321-22. However, he argues this should not give the Board "a license for [']arbitrary parole decisions founded on impermissible criteria.[']" (Hill's Brief (Br.) at 12 (quoting *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980)).) Absent the availability of judicial review over the Board's decisions to ensure that the Board considers the relevant statutory factors, Hill argues, there is no way to ensure that a decision denying parole is not premised on impermissible factors, does not violate the constitution, or is not otherwise arbitrary and capricious.

Hill acknowledges that *Rogers* recognized a difference between parole release and parole revocation and was concerned that allowing appeals of the former, which is not an adjudication, would result in parole hearings becoming "full-fledged, adversarial proceeding[s] with the panoply of rights required." 724 A.2d at 322-23. According to Hill, he is not seeking full appellate review of the

---

**(continued…)**

    (5) The written or personal statement of the testimony of the victim or the victim's family submitted under section 6140 (relating to victim statements, testimony and participation in hearing).

    (6) The notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available.

    (7) The conduct of the person while in prison and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record.

61 Pa. C.S. § 6135(a).

Board's decision, but the more limited appellate review suggested by Justice Nigro in his dissenting opinion in *Rogers*. Such review would be limited to ensuring that the Board had not acted arbitrarily or capriciously or focused on impermissible criteria in deciding to deny parole. To allow the Board to act without **any** oversight, Hill asserts, violates his constitutional rights to due process.

The Board responds it did not err in rejecting Hill's administrative appeal as unauthorized. The Board asserts that there is no constitutional right to appeal decisions denying parole because parole is merely a favor granted upon a prisoner. *Rogers*, 724 A.2d at 321-23. The Board points out that the principle that no appeal is available from the denial of parole has been confirmed by the Pennsylvania Supreme Court, as well as this Court, on multiple occasions.

In addressing Hill's arguments, we begin by noting the right to administrative review under the Board's regulations is limited. Section 73.1(a)(1) and (b)(1) sets forth the grounds for administrative appeals and petitions for administrative review that may be filed with the Board. 37 Pa. Code § 73.1(a)(1), (b)(1). These provisions state, in relevant part: "(a) *Appeals*. (1) An interested party, by counsel unless unrepresented, **may appeal a revocation decision**" and "(b) *Petitions for administrative review*. (1) A parolee, by counsel unless unrepresented, **may petition for administrative review** . . . **of determinations relating to revocation decisions** which are not otherwise appealable under subsection (a)." 37 Pa. Code § 73.1(a)(1), (b)(1) (emphasis added). As there is no mention in these regulations of review of the denial of parole, **only parole revocation decisions are subject to further review**. Thus, the Board's regulations do not provide Hill with the right to appeal the denial of parole and any challenge to a parole denial is unauthorized.

Hill's constitutional arguments, likewise, do not provide him the right to judicial review of the Board's decision denying him parole. While some of Hill's arguments regarding the benefits of judicial review may be compelling, it is well-settled that an inmate does not have a right to appeal the denial of parole under Pennsylvania law.[6] *Rogers*, 724 A.2d at 321-22; *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997); *Reider v. Bd. of Prob. & Parole*, 514 A.2d 967, 971-72 (Pa. Cmwlth. 1986). This is because "[p]arole is nothing more than a possibility" that, "when granted, . . . is . . . a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated a probability of his ability to function as a law abiding citizen in society." *Weaver*, 688 A.2d at 770. Moreover, because parole is a favor, an inmate "has neither an absolute right to parole nor a liberty interest in receiving parole." *Id.* "[T]he denial of parole is not a decision of an agency in the ordinary sense," *id.*, and the fact that it is not an appealable decision is reflected in the Administrative Agency Law,[7] which excludes parole decisions from the definition of adjudications subject to judicial review, *Rogers*, 724 A.2d at 321-22 (citing 2 Pa. C.S. §§ 101, 702[8]). Our Supreme Court has explained that a right to

---

[6] The federal courts exercise limited review over the United States Parole Commission's (Commission) decisions denying parole via petitions for a writ of habeas corpus. *Zannino v. Arnold*, 531 F.2d 687, 690-91 (3d Cir. 1976). That review does not consider whether the denial is supported by a preponderance of the evidence or substantial evidence, but whether: there is a rational basis in the record for the Commission's conclusions set forth in its statement of reasons; the Commission followed criteria that is appropriate, rational, and consistent with its enabling statute; and the Commission's decision is arbitrary, capricious, or based on impermissible considerations. *Id.* at 690-91.

[7] 2 Pa. C.S. §§ 501-508, 701-704.

[8] Section 101 of the Administrative Agency Law defines "Adjudication" as:

**(Footnote continued on next page…)**

8

appeal parole denials is not available under article V, section 9 of the Pennsylvania Constitution because that provision is not self-effectuating but is effectuated through the Administrative Agency Law. *Id*. Because the Administrative Agency Law does **not** include parole decisions within the definition of appealable adjudications, there is no right under article V, section 9 to appeal such discretionary decisions by the Board.[9] *Id.* The Due Process Clause of the Fourteenth Amendment to the United States Constitution[10] likewise provides no right to appeal parole denials. *Id.* at 322. For these reasons, there are no constitutional bases upon which Hill can appeal the Board's decisions,[11] and, therefore, his petition for review is quashed.

---

**(continued…)**

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. **The term does not include any order** based upon a proceeding before a court or **which involves** the seizure or forfeiture of property, **paroles**, pardons or releases from mental institutions.

2 Pa. C.S. § 101 (emphasis added). Section 702 of the Administrative Agency Law provides: "Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals . . . ." 2 Pa. C.S. § 702.

[9] The right to appeal parole revocations arises from the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Rogers*, 724 A.2d at 322. *But cf. Bronson v. Bd. of Prob. & Parole*, 421 A.2d 1021, 1024-26 (Pa. 1980) (holding that the appeal of the parole revocation proceeding is authorized by article V, section 9 of the Pennsylvania Constitution and the Administrative Agency Law).

[10] The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

[11] The Board's notation on its Administrative Order of July 26, 2018, that an appeal to this Court was available does not provide a right to appeal where no such right exists.

*B. Whether Hill has a right to appointed counsel for non-revocation parole proceedings.*

Although we quash Hill's petition for review, we observe that Hill's arguments pertaining to a constitutional or statutory right to appointed counsel for the indigent in all parole proceedings are, at least in part, premised on Section 6(a)(10) of the Act. This section states:

> (a) The public defender **shall be responsible for furnishing legal counsel**, **in** the following types of cases, to any person who, for lack of sufficient funds, is unable to obtain legal counsel:
> . . .
> (10) **Probation and parole proceedings** and revocation thereof[.]

16 P.S. § 9960.6(a)(10) (emphasis added). Hill's claims raise important issues regarding the meaning of this statutory provision. However, these claims would be better suited to a petition for review seeking declaratory judgment, filed in this Court's original jurisdiction, rather than in an appellate petition for review of an un-appealable agency action. As Hill's claims that he has a right to appointed counsel are not properly before us at this time, we will not address them further.

## III. Conclusion

Because there is no right to seek administrative or judicial review of a Board decision denying an inmate parole under the Board's regulations or the United States or Pennsylvania Constitutions, Hill's petition for review is quashed.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vernon Hill,
               Petitioner
 

         v.

Pennsylvania Board of Probation
and Parole,
            Respondent

:
:
:
:
:
:
:
:
:

No. 1136 C.D. 2018

## **O R D E R**

**NOW**, January 6, 2020, the Petition for Review filed by Vernon Hill (Hill) from the Administrative Order of the Pennsylvania Board of Probation and Parole (Board) that dismissed Hill's challenge to the Board's decision denying him parole is **QUASHED** because there is no right to appeal the denial of parole under Pennsylvania law. *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319 (Pa. 1999).

 

 

                         _____

                         **RENÉE COHN JUBELIRER,** Judge