Anton McCullough,      :
     Petitioner    :
           :
   v.       :
           :
Pennsylvania Board of Probation :
and Parole,       : No. 87 C.D. 2020
     Respondent  : Submitted: February 12, 2021

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE ELLEN CEISLER, Judge

OPINION BY
JUDGE COVEY          FILED: March 15, 2021

    Anton McCullough (McCullough) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board)[1] January 7, 2020 order dismissing his request for administrative relief from the Board's September 5, 2018 order (mailed September 17, 2018) as untimely filed. McCullough is represented in this matter by Luzerne County Assistant Public Defender Richard C. Shiptoski, Esquire (Counsel), who has filed a Petition for Leave to Withdraw as Counsel (Petition) and an *Anders* brief[2] in support thereof. By May 19, 2020 Order, this

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, 61 Pa.C.S. §§ 6101, 6111(a).

[2] *Anders v. State of Cal.*, 386 U.S. 738, 744 (1967) ("a brief referring to anything in the record that might arguably support the appeal" to be filed with the Court "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it"). Where counsel files an *Anders* brief when a no-merit letter would have sufficed, this Court will accept an *Anders* brief in lieu of a no-merit letter if the *Anders* brief complies with the substantive requirements of a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40 (Pa. Cmwlth. 2010). A no-merit letter must detail the nature and extent of counsel's review, list each of the parolee's

Court granted the Board's motion to limit the issue on appeal to whether the Board properly dismissed McCullough's appeal as untimely. *See* May 19, 2020 Order. After review, we grant Counsel's Petition and affirm the Board's order.

McCullough is an inmate at the State Correctional Institution (SCI) at Dallas. On December 10, 2016, McCullough was paroled from his 9½- to 20-year sentence for aggravated assault and drug violations (Original Sentence). *See* Certified Record (C.R.) at 1, 23, 29. McCullough's Original Sentence maximum release date was March 31, 2020. *See id.*

On March 10, 2017, the Williamsport police arrested McCullough and charged him with possession with intent to deliver a controlled substance, possession of an instrument of crime, and disorderly conduct (New Charges). *See* C.R. at 42. Thereafter, McCullough was convicted of the New Charges and, on June 5, 2018, he was sentenced to 6 to 12 months in county prison. *See* C.R. at 2.

By decision recorded on September 5, 2018 (mailed September 17, 2018), the Board recommitted McCullough as a convicted parole violator (CPV) to serve 6 months of backtime (Recommitment Order). *See* C.R. at 1-4. The Recommitment Order informed McCullough that the Board did not award him credit for the time he spent at liberty on parole because of his "QUICK FAILURE ON SUPERVISION. ONGOING POOR SUPERVISION." C.R. at 3. Accordingly, the Board recalculated McCullough's Original Sentence maximum release date to July 7, 2023.[3] *See* C.R. at 4. The Recommitment Order further declared:

issues, and explain why each issue is meritless. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *see also Zerby v. Shanon*, 964 A.2d 956 (Pa. Cmwlth. 2009). Counsel must supply the parolee with a copy of the no-merit letter, notify the parolee of counsel's intention to withdraw, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf. *See Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28 (Pa. Cmwlth. 2006).

[3] The Recommitment Order reflects that McCullough's Original Sentence maximum release date was March 31, 2020; he was paroled on December 10, 2016, at which time he owed 1,477 days; he was returned to custody on June 7, 2018; and his new Original Sentence maximum release date is July 7, 2023. *See* C.R. at 1.

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY (30) DAYS OF THE MAILING DATE OF THIS DECISION [i.e., BY OCTOBER 17, 2018]. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASES FOR THE ALLEGATIONS. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

C.R. at 4. An administrative remedies form and a public defender list were included with the Board's decision. *See* C.R. at 4.

On April 5, 2019, the Board received McCullough's Request for Administrative Remedy (April 2019 Appeal).[4] Therein, McCullough raised substantive and constitutional challenges to the Board's Recommitment Order. Specifically, McCullough alleged that the Board lacked authority to change his judicially imposed sentence; the Board entered into an illegal contract; the Board should have credited his time spent at liberty on parole; and, because there was insufficient detail in the Board's reasoning, his due process rights were violated. *See* C.R. at 7-37.

On November 15, 2019, following an interview with McCullough, the Board denied him reparole. *See* C.R. at 5-6. The Board received an administrative appeal from McCullough on December 12, 2019, wherein he challenged the Board's November 15, 2019 decision denying him reparole on the basis that the Board's sentence recalculation in the Recommitment Order continued to prejudice him. *See* C.R. at 38-44. In addition, on December 31, 2019, the Board received an addendum to McCullough's December 12, 2019 appeal, again challenging the Board's November 15, 2019 decision, and again arguing that the Board improperly recalculated his sentence pursuant to the Recommitment Order. *See* C.R. at 45-49.

---

[4] Counsel references separate appeals filed on March 27 and March 29, 2019. *See Anders* Br. at 13. However, it appears that both appeals were mailed together, postmarked April 3, 2019, and received by the Board on April 5, 2019. *See* C.R. at 7-37.

3

On January 7, 2020, the Board dismissed the April 2019 Appeal as untimely, and further denied McCullough's parole denial challenge because no constitutional right to parole exists under federal or Pennsylvania law. *See* C.R. at 50-51. On February 4, 2020, McCullough filed a petition for review with this Court. On March 2, 2020, Northumberland County Independent Defense Counsel James L. Best, Esquire (Best) entered his appearance on McCullough's behalf. After McCullough was transferred from SCI-Coal Township in Northumberland County to SCI-Dallas in Luzerne County, Best withdrew his appearance. On April 1, 2020, the Board filed a Motion to Limit McCullough's Issue on Appeal to Timeliness (Motion)/Application for Stay. On April 8, 2020, this Court granted the Application for Stay. On May 19, 2020, this Court granted the Motion and limited the issue before this Court on appeal to whether the Board properly dismissed McCullough's appeal as untimely.

On September 11, 2020, this Court issued an order directing that a Luzerne County public defender be assigned to McCullough. On September 18, 2020, Counsel conducted a telephone conference with McCullough and reviewed his filings. On October 2, 2020, Counsel entered his appearance on McCullough's behalf. On November 5, 2020, Counsel filed the Petition and the *Anders* brief in support thereof. By November 5, 2020 letter (Letter), Counsel served McCullough with the Petition and the *Anders* brief. *See* Petition at 4. On December 3, 2020, this Court ordered Counsel's Petition to be considered along with the merits of McCullough's appeal, and offered McCullough an opportunity to obtain substitute counsel or file a brief on his own behalf within 30 days. McCullough did not file a brief with this Court.

The Pennsylvania Superior Court has explained:

'When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first

4

passing on the request to withdraw.' *Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he/she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of th[e] Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, . . . 978 A.2d 349 ([Pa.] 2009), our Supreme Court addressed the second requirement of *Anders*, [i.e.], the contents of an *Anders* brief, and required that the brief

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then th[e] Court's responsibility 'to conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated.' *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

*Commonwealth v. Cox*, 231 A.3d 1011, 1014-15 (Pa. Super. 2020).

Here, with the Letter, Counsel served the Petition and the *Anders* brief, therein notifying McCullough of Counsel's intention to seek permission to withdraw, and advising McCullough of his rights to file additional claims and to proceed *pro se* or with alternate counsel. *See* Letter. In the Petition, Counsel sets forth the procedural history, and indicates that he conscientiously examined the record and determined that an appeal would be frivolous and without merit. *See* Petition at 1-3. In the *Anders* brief, Counsel summarized the procedural history and facts with citations to the record, articulated the timeliness issue, and cited controlling case law and statutes to support his conclusion that McCullough's challenge was meritless. *See Anders* Br. Specifically, Counsel explained in the *Anders* brief that the Board's Recommitment Order and the Board's Regulations directed that, if McCullough wished to appeal, he had to do so within 30 days; the law also specifies that failure to timely appeal may leave the Court without jurisdiction to consider the merits and result in the appeal being dismissed; and McCullough did not proffer any basis under which the appeal should be considered *nunc pro tunc*.[5] *See Anders* Br. at 14-17. Accordingly, Counsel complied with the procedural requirements for withdrawing from representation.[6]

This Court will now conduct an independent review to determine the sole issue on appeal as set forth in its May 19, 2020 Order - whether the Board properly dismissed McCullough's appeal as untimely.

Section 73.1(b) of the Board's Regulations provides, in relevant part:

---

[5] The Board and/or this Court may consider a late-filed appeal *nunc pro tunc* if the delay in filing was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process or non-negligent circumstances related to the appellant, his attorney, or a third party. *See Criss v. Wise*, 781 A.2d 1156 (Pa. 2001); *see also Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130 (Pa. 1996).

[6] Because Counsel's *Anders* brief satisfied the substantive requirements of a no-merit letter, this Court accepts it in lieu of a no-merit letter. *See Seilhamer*.

(1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review **shall be <u>received</u> at the Board's Central Office within 30 days of the mailing date of the Board's determination**. . . .

. . . .

(3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

37 Pa. Code § 73.1(b) (bold and underline emphasis added). "Where a prisoner fails to meet this deadline, this [C]ourt has held that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993).

In the instant matter, the Board's September 5, 2018 decision (mailed September 17, 2018) specified that McCullough had until October 17, 2018 (i.e., 30 days from September 17, 2018) to appeal from the Board's decision. It is undisputed that McCullough filed his April 2019 Appeal nearly six months after it was due. Because McCullough did not file his April 2019 Appeal within 30 days after the Board mailed the Recommitment Order, the filing was untimely. Accordingly, the Board properly dismissed McCullough's appeal as untimely.

Pursuant to Section 73.1(b)(3) of the Board's Regulations, the Board was not required to rule on McCullough's December 12 and 31, 2019 appeals because he simply reiterated therein that the Board erred in its recalculation of McCullough's maximum sentence date. *See* 37 Pa. Code § 73.1(b)(3). Notwithstanding, to the extent McCullough's December 12 and 31, 2019 appeals were simply addenda to the appeals he filed from the Board's Recommitment Order, they were still untimely. Out of an abundance of clarity, the Board further declared:

7

The [Board action recorded November 15, 2019,] is a parole denial. The Board [R]egulation authorizing administrative relief does not apply to decisions denying parole or requests to be reviewed for parole again. Instead, the [R]egulation provides an administrative remedy to challenge parole revocations and any corresponding recalculations based on those parole revocations. 37 Pa. Code § 73.1. There is no constitutional right to parole under federal or Pennsylvania law. *Jago v. Van Curen*, 454 U.S. 14 (1981); *Rogers v. P[a.] B[d.] of Prob[.] [&] Parole*, 724 A.2d 319 (Pa. 1999). Nor is there any right to review a parole denial because that decision falls within the Board's discretion. As such, the Board cannot accept your attempt to challenge the parole denial.

Board Dec. at 1, C.R. at 50. Accordingly, McCullough's December 12 and 31, 2019 appeals were untimely and were not permitted under the law.

Based on the foregoing, this Court concludes that Counsel complied with *Anders'* technical requirements and confirms, based upon an independent record review, that McCullough's appeal was properly dismissed as untimely. For all of the above reasons, Counsel's Petition is granted, and the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anton McCullough,               :

         Petitioner        :

                           :

        v.                 :

                           :

Pennsylvania Board of Probation  :

and Parole,                :   No. 87 C.D. 2020

        Respondent     :

## O R D E R

AND NOW, this 15th day of March, 2021, Luzerne County Assistant Public Defender Richard C. Shiptoski, Esquire's Petition for Leave to Withdraw as Counsel is GRANTED, and the Pennsylvania Board of Probation and Parole's January 7, 2020 order is AFFIRMED.

_____

ANNE E. COVEY, Judge