J-S15023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL R. BALDWIN | : | |
| | : | |
| Appellant | : | No. 1126 WDA 2020 |

Appeal from the Judgment of Sentence Entered April 24, 2019
In the Court of Common Pleas of Beaver County Criminal Division
at No:  CP-04-CR-0001409-2018

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                           **FILED: JULY 9, 2021**

Daniel R. Baldwin (Appellant) appeals from the judgment of sentence imposed after he pled guilty to driving under the influence (DUI) of a controlled substance (4th or subsequent offense).[1]   Additionally, Appellant's counsel (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).   Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court detailed the factual and procedural history as follows:

> On June 18, 2018, a [] criminal complaint was filed against [Appellant] based on a traffic stop on February 8, 2018, charging [Appellant] with possession of a small amount of marijuana, use or possession of drug paraphernalia, DUI of a Schedule I

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(1)(i).

controlled substance, DUI of a controlled substance metabolite, DUI-general impairment, driving under suspension, driving under DUI suspension, and a brake light violation. . . . On March 8, 2019, the Commonwealth moved to amend the Information to reflect that the alleged DUI incident was [Appellant's] fourth in ten years, as reflected by the [Appellant's] certified driving record. The [c]ourt granted the Commonwealth's request to amend its information on March 11, 2019. . . .

While preparing for jury selection, the [c]ourt was informed by counsel of a potential plea agreement in this case. The plea offer in this case was that in exchange for a plea of guilty to Count 1 of the amended Information, DUI of a Schedule I controlled substance, as a misdemeanor of the first degree, the Commonwealth would recommend a sentence of 1 to 2 years of imprisonment, the minimum fine, and costs of prosecution, and the Commonwealth would withdraw the remaining charges. Counsel informed the [c]ourt that for medical reasons, [Appellant] requested that the [court] postpone sentencing and impose a state sentence. The [c]ourt granted these requests. [Appellant] testified that he understood that there would be a mandatory 12-month sentence. . . . Based on the request to delay sentencing, [Appellant] testified that he agreed not to withdraw his plea[.] ...

Counsel for [Appellant] proceeded to engage in a thorough plea colloquy with [Appellant], including the rights that [Appellant] was waiving. [Appellant] testified that he had completed a written guilty plea colloquy form, which was then made part of the record. *See* Guilty Plea Colloquy, 3/11/19. The [c]ourt engaged in further questioning of [Appellant] to ensure that he understood the rights that he was waiving[. *See* N.T., 3/11/19, at 20-21. Appellant] then admitted his guilt to the factual averments of the charge to which he was entering a guilty plea[. *Id.* at 22-24]. [Appellant] signed the Information, pleading guilty to Count 1, DUI. *Id.* at 24. The [c]ourt further ensured that [Appellant] understood the maximum penalties he could face[.] *Id.* at 25. Based on [Appellant's] request due to a scheduled surgery, the [c]ourt deferred sentencing in this case and scheduled a separate sentencing hearing for April 24, 2019. ... The [c]ourt directed the Beaver County Adult Probation Office to prepare a Pre-Sentence Report. . . . The parties appeared for [Appellant's] scheduled sentencing hearing on April 24, 2019. The pre-sentence report was placed into the record. N.T., 4/24/19, at 4. [Appellant's] prior record score was 5, and the offense gravity

score was 5. *Id.* Therefore, the guideline minimum range was 12 to 18 months. 204 Pa. Code § 303.16(a). The [c]ourt sentenced [Appellant] pursuant to the plea agreement. N.T., 4/24/19, at 9-10; Order, 4/24/19. [Appellant] was advised of his post-sentence rights and signed a document acknowledging those rights. N.T., 4/24/19, at 11-12[.]

[Appellant subsequently] submitted various handwritten letters to the [c]ourt. On April 13, 2020, the Clerk of Courts received a "motion to appeal guilty plea notice," which was processed in accordance with Pa.R.Crim.P. 576(A)(4) because [Appellant] was still represented by counsel, Kevin Kindred, Esq. On behalf of [Appellant], Attorney Kindred moved to treat this filing as a petition for post-conviction relief. On April 23, 2020, the [c]ourt issued an order treating [Appellant's] filing as a petition for post-conviction collateral [(PCRA)] relief to restore [Appellant's] direct appeal rights *nunc pro tunc*. The [c]ourt directed the Commonwealth to file an answer. The Commonwealth filed a timely answer, concluding that the [c]ourt should restore [Appellant's] rights *nunc pro tunc* only if there is a basis to do so. The [c]ourt appointed Sherri Hurst, Esq. as PCRA counsel. Order, 5/7/20. PCRA counsel filed an amended petition, concluding that the [c]ourt should reinstate [Appellant's] direct appeal right[s] *nunc pro tunc* or hold an evidentiary hearing. Amended PCRA Petition, 7/23/20, at 9.

The [c]ourt held a scheduled hearing on September 25, 2020. Prior to the [c]ourt receiving any testimony, the parties stipulated that [Appellant's] post-sentence motion and direct appeal rights would be reinstated *nunc pro tunc*. The [c]ourt reappointed the Public Defender to represent [Appellant] and granted reinstatement of [Appellant's] post-sentence motion and direct appeal rights *nunc pro tunc*, as of September 25, 2020. Order, 9/25/20. . . .

On October 20, 2020, [Appellant], through counsel, filed a notice of appeal[.] … On October 29, 2020, the [c]ourt issued an order directing [Appellant] to file a concise statement of [errors] complained of on appeal, per Pa.R.A.P. 1925(b). In lieu of a Rule 1925(b) statement, on October 29, 2020, counsel for [Appellant] filed a statement of intent to file an ***Anders***/***Santiago*** brief. ***See*** Pa.R.A.P. 1925(c)(4).

Trial Court Opinion, 11/25/20, at 1-11 (footnotes omitted and citations edited).

On February 2, 2021, Counsel filed an **Anders** brief, in which he avers that Appellant's appeal is frivolous, and requests permission from this Court to withdraw from representation. In response, Appellant filed a *pro se* letter on February 5, 2021 titled "Application for Relief," in which he requested additional time to file a response to Counsel's brief. We granted Appellant's request.

On March 8, 2021, Appellant filed a *pro se* response raising claims of ineffective assistance of counsel, and in the alternative, requesting another extension of time to file an additional response. **See** Appellant's Response, 3/8/21. This Court granted Appellant's request for an extension to file an additional response by April 16, 2021. However, Appellant did not do so. We therefore proceed with appellate review.

We begin by recognizing that when faced with a purported **Anders** brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Thus, we address the particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the protection they provide arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). "Substantial compliance with these

requirements is sufficient." ***Commonwealth v. Reid***, 117 A.3d 777, 781 (Pa.

Super. 2015) (citation omitted).

We have explained:

Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf).

***Id.*** (citations omitted).

Additionally, as to the content of counsel's brief:

[T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

If counsel has satisfied the above requirements, it is this Court's duty to

review the trial court proceedings to determine whether there are any non-

frivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel has complied with the requirements of *Anders*. Counsel filed a petition with this Court stating that for "the reasons set forth in the accompanying *Anders* brief, it is respectfully requested that this Court permit [C]ounsel's withdrawal." Petition to Withdraw as Counsel, 2/2/21, at 2. In his brief, Counsel states that he finds this appeal to be frivolous. *Anders* Brief at 9.[2] Further, in conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. *See Anders* Brief at 7-11. Also, Counsel sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *Id.* Finally, Counsel has attached to his petition to withdraw the letter he sent to Appellant, which enclosed Counsel's petition and *Anders* brief. Petition to Withdraw as Counsel, 2/21/20, Letter. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel, and raise any additional issues he deems worthy of this Court's consideration.

In the *Anders* brief, Counsel states the "basis for the appeal as articulated by Appellant during his meetings with and through his correspondence with [C]ounsel is his displeasure at not having been paroled

---

[2] We remind Counsel to state in his **petition** that, "after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

at the minimum of his sentence and his belief that counsel did not provide effective representation." *Anders* Brief at 10-11.

In response, Appellant raises multiple claims of ineffective assistance of counsel. Appellant's Response, 3/8/21, at 7-8. Specifically, Appellant avers Counsel was ineffective for not taking the case to trial; for advising Appellant he "could never ever win the case and to take the deal of 1 to 2 years of prison"; that Counsel never advised Appellant of "the deposition on the state's lab expert"; and that Counsel denied Appellant's many requests to "see the transcripts from Dr. Laura." *Id.*

Although Counsel advances no argument in the *Anders* brief with respect to Appellant's responsive issues, we reiterate that *Anders* does not require counsel to set forth an argument; rather, *Anders* requires counsel to reference anything in the record that might arguably support the appeal. *Santiago*, 978 A.2d at 364. Counsel has done so.

Consistent with the foregoing, and upon review of the record, we agree with Counsel's determination that this appeal is frivolous. Appellant first avers that he should have been paroled at his minimum sentence. *See Anders* Brief at 10-11. "When the sentence actually imposed on a defendant includes a maximum term of two years or more, the authority to parole rests not with the sentencing court but with the Pennsylvania Board of Probation and Parole." *Commonwealth v. Kalichak*, 943 A.2d 285, 290 n.6 (Pa. Super. 2008) (citations omitted); *see also* 61 Pa.C.S.A. § 6137. The Pennsylvania Supreme Court has expressly held,

- 7 -

because the General Assembly, in its wisdom, has conferred upon the Parole Board sole discretion to determine whether a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside of the confines of prison, we hold that courts of the Commonwealth do not have statutory jurisdiction to conduct appellate review of a decision of the Board, since such a decision does not constitute an adjudication.

*Rogers v. Pennsylvania Bd. of Probation and Parole*, 724 A.2d 319, 322 (Pa. 1999).

Here, the trial court sentenced Appellant to 1 to 2 years of imprisonment. N.T., 4/24/19, at 9. Because Appellant's maximum sentence is 2 years, any parole decision lies within the exclusion jurisdiction of the Board of Probation and Parole. *Kalichak*, 943 A.2d at 290 n.6. This Court does not have jurisdiction to review any decision as to when Appellant is paroled. *Rogers*, 724 A.2d at 322. This issue is therefore frivolous.

Appellant also raises several claims of ineffective assistance of counsel. Appellant's Response, 3/8/21, at 7-8; *Anders* Brief at 10-11. However, it is well-settled that an appellant's ineffective assistance of counsel claim "is not cognizable on direct appeal and must be deferred to collateral review under the [PCRA.]" *Commonwealth v. Rosenthal*, 233 A.3d 880, 886-87 (Pa. Super. 2020) (citing, *inter alia*, *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013)). A few exceptions exist:

(i) in extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; (ii) where the defendant asserts multiple ineffective assistance claims, shows good cause for direct review of those claims, and expressly waives his entitlement to

PCRA review before the trial court; and (iii) where the defendant is statutorily precluded from obtaining subsequent PCRA review.

*Rosenthal*, 233 A.3d at 887 (citations omitted).

We agree with the trial court that "[i]n this case, none of the circumstances allowing for review of ineffectiveness on direct appeal apply." Trial Court Opinion, 11/25/20, at 13. Therefore, Appellant must raise these claims on collateral review. *Rosenthal*, 233 A.3d at 887.

Finally, Counsel correctly states that because Appellant entered into a negotiated guilty plea, any discretionary sentencing claim would be patently frivolous, because Appellant's "plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Anders* Brief at 9 (citations omitted); *see also Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). Our review confirms the trial court had jurisdiction, that it imposed a legal sentence, and Appellant's guilty plea was knowing and voluntary. *Anders* Brief 9-10; Trial Court Opinion, 11/25/20, at 11-15 ("The [c]ourt had jurisdiction over this case . . . the sentence imposed was legal . . . [and Appellant] entered a knowing and voluntary plea[.]"). Further, our review reveals no other non-frivolous issues Appellant could raise on appeal. *See Dempster*, 187 A.3d at 272. Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/9/2021