## Commonwealth *v.* Vladyka, Appellant.

604

Submitted May 2, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Michael Vladyka*, appellant, in propria persona.

*George T. McKinley*, First Assistant District Attorney, and *John Deutsch*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 24, 1967:

Michael Vladyka was convicted of murder in the first degree and sentenced to life imprisonment in April of 1931. In June of 1960, Vladyka's minimum sentence was commuted and in March of 1961 he was paroled. In July of 1961 Vladyka was returned to prison as a technical parole violator. In December of 1964 he was reparoled, but in August of 1965 he was returned again to prison as a technical parole violator.

In October of 1966 Vladyka filed what he labeled a "petition to vacate sentence" in the Carbon County

Court. That court treated Vladyka's petition as coming under the Post Conviction Hearing Act. In his petition he claimed (1) that following his first recommitment to prison in 1961, the Parole Board refused to interview him at the end of the two year period to which he was "sentenced";[1] (2) that he was unfairly "sentenced" to a three year term following his second recommitment in 1964;[2] (3) that parole rules affecting his case are unconstitutional and (4) that the Parole Board is biased and unjust.[3] No additional facts in support of these claims were alleged in the petition to the court below. That court dismissed Vladyka's petition with the observations that it did not come within

---

[1] Vladyka's papers on appeal add the complaint that the board refused to interview him at the expiration of his two year recommittal "sentence." However, since Vladyka is no longer being held pursuant to his first commitment, such a claim is not now cognizable. The argument that Vladyka would be entitled to "credit" in computing his present "sentence" if the Board improperly refused to reparole him at a prior time is simply not valid in view of the statutory scheme which makes the prospects of the prisoner's readjustment to society the chief criteria upon which parole shall be granted by the board. For the same reason, Vladyka's allegation, in his appeal papers, that his recommittal in 1961 for absconding from supervision was unfair because he had been given permission to make a trip by his parole officer would not, even if true, have any relevance to his present incarceration. The "sentences" of recommittal to which Vladyka refers are, of course, no such thing in the normal judicial acceptation of that term. Rather they are a period set by the Parole Board for a prisoner recommitted after a technical parole violation within which the Parole Board advises it will probably not consider a new application for parole.

[2] In his papers on appeal, Vladyka urges that the three year period is unfair because prison officials allegedly told him that a one year period is average for a technical parole violator.

[3] In his papers on appeal, Vladyka adds the complaint that the Parole Board failed to release him for eight months after the commutation of his sentence. For the reasons outlined in note 1 supra, we fail to see the present relevance of this complaint.

the purview of the Post Conviction Hearing Act and that it did not "set forth any facts to show any abuse of discretion on the part of the Board that might give rise to our inquiry."

Insofar as the dismissal of the court below treated the petition as one under the Post Conviction Hearing Act and was based on the want of particularity in Vladyka's first petition, it was clearly in error in light of §7, Act of January 25, 1966, P. L. (1965) 1580, 19 P. S. §1180-7: "The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice. *No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition.*" (Emphasis supplied.) However, the decision of the court below to treat Vladyka's petition as arising under the Post Conviction Hearing Act is puzzling in light of the fact, recognized by the court, that the Act does not encompass Vladyka's claim. This, of course, is because the Act "establishes . . . procedure for providing relief from convictions obtained and sentences imposed without due process of law"[4] and since Vladyka does not attack the validity of the 1931 sentence pursuant to which he has at all relevant times been incarcerated.

Nonetheless, we believe that the court below was correct in dismissing Vladyka's petition. For even considering that petition as one involving an aspect of habeas corpus not subsumed in the Post Conviction Hearing Act or mandamus, we do not believe he is entitled to any relief.

Stripped to its essential and cognizable claims, Vladyka's petition asserts that the Parole Board acted unfairly and upon the basis of unconstitutional rules

---

[4] Act of January 25, 1966, P. L. (1965) 1580, §2, 19 P.S. §1180-2.

when it advised him following his second recommitment as a parole violator in August of 1965 that it would not give him any further favorable consideration for parole for three years. The claim of unconstitutionality simply has no substance, see *Commonwealth ex rel. Thomas v. Myers*, 419 Pa. 577, 215 A. 2d 617 (1966). The claim as to unfairness in the advice as to a period of three years within which reparole would not be considered is not reviewable by the courts, given the broad discretion in this area committed by the Legislature to the Parole Board. Compare Act of August 6, 1941, P. L. 861, §§1, 17, 22, as amended, 61 P.S. §§331.1, 331.17, 331.22 (Supp. 1967); *Commonwealth ex rel. Sparks v. Russell*, 403 Pa. 320, 169 A. 2d 884 (1961) (per curiam).

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.