# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Harvey Patrick Short, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Kimberly Barkley, Chairperson | : | |
| Victor W. Wills, IV, Director | : | |
| Jane Doe, Hearing Officer | : | |
| John Doe, Hearing Officer | : | |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | No. 438 M.D. 2016 |
| Respondents | : | Submitted: January 20, 2017 |

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: April 12, 2017

The Pennsylvania Board of Probation and Parole (PBPP), PBPP Secretary Kimberly Barkley and PBPP Policy and Legislative Affairs Director Victor W. Wills, IV (collectively, Board) filed preliminary objections in the nature of a demurrer to Harvey Patrick Short's (Short) pro se Petition for a Writ of Mandamus (Mandamus Action) filed in this Court's original jurisdiction seeking a new parole hearing by different hearing officers. The sole issue before the Court is whether Short's Mandamus Action states a claim upon which relief may be granted. After review, the Board's preliminary objections are sustained and Short's Mandamus Action is dismissed.

Short is serving a one to four-year prison term at the State Correctional Institution at Mahanoy. Short filed his Mandamus Action on August 8, 2016,

alleging that "he was discriminated against by the parole hearing officers based upon his mental disability [Schizophrenia] and race (Afro-American) and denied parole[.]" Mandamus Action at 2 ¶ 15. On August 11, 2016, the Court sent Short a Defect Correction Notice due to his failure to pay a filing fee. On September 2, 2016, Short filed an Application to Proceed in Forma Pauperis (Application). By September 7, 2016 Order, this Court granted Short's Application and directed the Board to file an answer or otherwise plead to the Mandamus Action within 30 days. On October 7, 2016, the Board filed its preliminary objections.

This Court's review of preliminary objections is limited to the pleadings. *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

> [This Court is] required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom. Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.

*Id.* at 415-16 (citations omitted).

The Board first argues that Short failed to state a claim upon which relief can be granted because decisions to grant or deny parole are not adjudications under the Administrative Agency Law.[1] Short rejoins that he "is not appealing the [PBPP's] written decision dated July 7, 2016 that denied him parole. He is seeking to prevent the [PBPP] from using his mental health disabilities and race in the parole determination process." Short Br. at 9.

---

[1] 2 Pa.C.S. §§ 501-508, 701-704.

2

Notwithstanding, our Supreme Court has expressly held:

> [T]he definition of adjudication clearly and unambiguously provides that parole decisions are not ones which are subject to appellate review by the courts. Therefore, because the General Assembly, in its wisdom, has conferred upon the [PBPP] sole discretion to determine whether a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside of the confines of prison, we hold that the courts of the Commonwealth do not have statutory jurisdiction to conduct appellate review of a decision of the [PBPP], since such a decision does not constitute an adjudication.

*Rogers v. Pa. Bd. of Prob. & Parole,* 724 A.2d 319, 322 (Pa. 1999). Thus, the Board's preliminary objection on that basis is sustained.

The Board next argues that Short has no clear right to relief and, therefore, the Mandamus Action fails to state a claim upon which relief can be granted. It is well-established:

> Mandamus is an extraordinary writ 'which will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other adequate and appropriate remedy.'[2] *Bronson v. Pa. Bd. of Prob. & Parole,* . . . 421 A.2d 1021, 1023 ([Pa.] 1980). Further, mandamus will not lie to compel a discretionary act, nor will it restrain official activities. *Id.*[; s]*ee also Commonwealth v. Vladyka,* . . . 229 A.2d 920 ([Pa.] 1967). '**While [potential parolees] are not entitled to appellate review of a [PBPP] decision, they may be entitled to pursue allegations of constitutional violations against the [PBPP] through a writ of mandamus**.' *Rogers* . . . ; *see also Coady* [*v. Vaughn*]*,* 770 A.2d [287,] 289 [(Pa. 2001)].

---

[2]Importantly, Short is seeking a writ to compel the PBPP to give him another parole hearing. However, according to the July 7, 2016 PBPP decision attached to Short's Mandamus Action, Short was already scheduled to be reviewed in or after January 2017.

*Cimaszewski v. Pa. Bd. of Prob. & Parole,* 868 A.2d 416, 422 (Pa. 2005) (emphasis added).

Here, Short avers "the [Board] violated his 14[th] Amendment United States Constitutional Right to Equal Protection [o]f [t]he Law, his right under the Americans with Disabilities Act [(ADA)], 42 U.S.C. [§] 12132, and the Pennsylvania laws against discrimination when [it] denied him parole based upon [his] mental disabilities and race[.]" Mandamus Action at 2 ¶ 16. "However, in order to properly state an equal protection claim, [Short] must allege that he [received] different treatment from that received by other similarly-situated individuals due to his membership in a particular class and his assertions of intentional disparate treatment must be supported by specific factual allegations." *Mobley v. Coleman,* 110 A.3d 216, 222 (Pa. Cmwlth. 2015).

The only specific factual allegation Short averred to support his claim of intentional disparate treatment in his Mandamus Action was: "[O]n June 23, 2016, two (2) other inmates who were of a different race received parole hearings that lasted more than 15 minutes, and they received favorable outcomes by being granted parole[.]" Mandamus Action at 1 ¶ 14. This Court cannot discern from this averment whether the other two inmates were in fact similarly-situated to Short in any manner. Thus, that one allegation is not sufficient to support Short's equal protection claims. Consequently, Short's alleged constitutional violations on this basis cannot substantiate his Mandamus Action.

> Moreover, pursuant to Section 6135 of the Prisons and Parole Code:
>
> **(a)** . . . The [PBPP], on the commitment to a correctional facility of any person whom the [PBPP] is given the power to parole under this chapter, shall consider [*inter alia*]:
>
> (1) The nature and circumstances of the offense committed.
>
> . . . .

(7) The conduct of the person while in prison and his physical, **mental and behavioral condition** and history, his history of family violence and his complete criminal record.

61 Pa.C.S. § 6135 (text emphasis added). Accordingly, if the PBPP in fact denied Short parole based upon a mental condition, it was completely within its statutory authority to do so.[3] Thus, Short's alleged ADA violation cannot substantiate his Mandamus Action. Because Short has no clear right to relief, the Board's preliminary objection on this basis is sustained.

For all of the above reasons, the Board's preliminary objections are sustained, and Short's Mandamus Action is dismissed.

_____
ANNE E. COVEY, Judge

---

[3] Although "[t]he nature and circumstances of the offense committed," 61 Pa.C.S. § 6135(a)(1), is also a factor to be considered, while Short provides the reason he was originally imprisoned, he does not state anywhere in his Mandamus Action or his brief, the nature of the parole violation for which he is currently serving a one to four-year sentence.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harvey Patrick Short,         :
          Petitioner      :
                       :
          v.             :
                       :
Kimberly Barkley, Chairperson    :
Victor W. Wills, IV, Director      :
Jane Doe, Hearing Officer        :
John Doe, Hearing Officer        :
Pennsylvania Board of            :
Probation and Parole,           :     No. 438 M.D. 2016
              Respondents   :

## O R D E R

AND NOW, this 12th day of April, 2017, the Pennsylvania Board of Probation and Parole (PBPP), PBPP Secretary Kimberly Barkley and PBPP Policy and Legislative Affairs Director Victor W. Wills, IV's preliminary objections in the nature of a demurrer to Harvey Patrick Short's (Short) pro se Petition for a Writ of Mandamus (Mandamus Action) are sustained and Short's Mandamus Action is dismissed.

_____
ANNE E. COVEY, Judge