# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Livingston,                              :
                                  Petitioner    :
                                               :
          v.                                   :          No.  38 C.D. 2023
                                               :          Submitted:  March 8, 2024
Pennsylvania Parole Board,              :
                                  Respondent    :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER          FILED:  March 20, 2024**


Andre Livingston (Livingston) petitions for review of an Order of the Pennsylvania Parole Board (Board), mailed January 3, 2023, that affirmed the Board's action mailed August 3, 2022, recommitting Livingston as a convicted parole violator (CPV) and ordering him to serve 30 months concurrently to a previously-imposed technical violation period of 6 months, for a total of 30 months backtime.  Livingston's court-appointed counsel is Kent D. Watkins, Esquire (Counsel), who filed an Application to Withdraw as Counsel (Application to Withdraw) and a no-merit letter, which are based on his conclusion that Livingston's Petition for Review is without merit.  For the following reasons, we grant Counsel's Application to Withdraw and affirm the Board's Order.

On June 22, 2009, Livingston was sentenced to 4 to 8 years for a probation violation and a drug offense, and on July 1, 2009, he was sentenced to a consecutive 2 to 10 years for aggravated assault with bodily injury to an officer, for an aggregate

sentence of 6 to 18 years.  (Sentence Status Summary, Certified Record (C.R.) at 1.)[1] His minimum and maximum sentence dates were September 2, 2014, and September 2, 2026, respectively.  (*Id.* at 3.)  The Board paroled Livingston on April 27, 2016, and he was released from custody on May 31, 2016.  (Order to Release on Parole/Reparole, C.R. at 10.)  On July 21, 2016, the Board declared Livingston delinquent effective July 16, 2016.  (Administrative Action, C.R. at 15.)  By Board action dated September 22, 2017, Livingston was detained in a parole violator center with the violation hearing/decision being held in abeyance pending Livingston's completion of recommended programming.  (Administrative Action, C.R. at 16.) On October 27, 2017, the Board once again declared Livingston delinquent effective October 19, 2017. (Administrative Action, C.R. at 17.)  The Board issued a Warrant to Commit and Detain on August 9, 2018, after Livingston was arrested by the Norristown Police Department.[2]  (*Id.* at 18, 24.)  By action recorded September 17, 2018, the Board recommitted Livingston as a technical parole violator (TPV) to serve six months for violating the second condition of his parole, changing his residence without permission.  (Notice of Board Decision, C.R. at 19.)  The Board recomputed Livingston's maximum sentence date as June 23, 2027, after adding 294 days for the time delinquent from October 19, 2017, to August 9, 2018, to his original maximum date of September 2, 2026.  (Order to Recommit, C.R. at 22.)  On November 26, 2018, the Board reparoled Livingston, who was actually released on July 26, 2019. (Order to Release on Parole/Reparole, C.R. at 26-27.)

---

[1] On July 1, 2009, Livingston was also sentenced to concurrent terms of imprisonment on various other charges.  (C.R. at 1.)

[2] Livingston was subsequently convicted, and the Board ultimately took no action as to that conviction.  (Notice of Board Decision, C.R. at 31.)

On September 16, 2019, the Board declared Livingston delinquent again, this time with an effective date of September 13, 2019. (Administrative Action, C.R. at 32.) The Board issued a Warrant to Commit and Detain on June 2, 2020, after he was arrested the day before by the Norristown Police Department. (*Id.* at 33-34.) Bail was set at $50,000 monetary on June 2, 2020, but was not posted. (*Id.* at 81, 114.) On August 27, 2020, the Board issued a decision detaining Livingston pending disposition of those new charges. (*Id.* at 34.) The Board also recommitted Livingston as a TPV for failing to comply with two conditions of his parole for a period of nine months with reparole after a minimum of six months if certain conditions were met but no later than March 2, 2021. (*Id.*)

On February 9, 2022, Livingston was convicted following a bench trial of the new criminal charges.[3] (C.R. at 39, 45, 99.) On April 13, 2022, Livingston was sentenced by the Montgomery County Court of Common Pleas to two to four years on each charge of aggravated assault – attempts to cause or causes bodily injury, to be served consecutive to one another, and received 681 days credit for time served. (*Id.* at 84, 89.) The terms of imprisonment on the other charges were to be served concurrent. (*Id.* at 89.)

On July 12, 2022, Livingston received a Notice of Charges and Hearing, was advised of his rights, and requested a panel hearing. (*Id.* at 38-42.) A revocation hearing was held before a hearing examiner on July 25, 2022, at which Livingston was represented by Counsel. (Hearing Report, C.R. at 66.) A parole agent presented

---

[3] The charges included two counts each of aggravated assault – attempts to cause or causes bodily injury, aggravated harassment by prisoner, harassment – subject to physical contact, simple assault, and recklessly endangering another person; four counts of disarming law enforcement officer – reasonable cause; and one count each of resisting arrest/other law enforcement, use/possession of drug paraphernalia, and disorderly conduct – engage in fighting. (C.R. at 39, 45.)

3

evidence of Livingston's conviction, including a secured docket sheet, without objection. (Hearing Transcript, C.R. at 57.) Livingston testified that upon his release he was working as a barber and was supporting his mother whose health was declining. (*Id.* at 59-61.) He initially resided in a halfway house before moving in with his then girlfriend. (*Id.* at 60.) Livingston testified he "was trying to rebuild [his] family" and denied any involvement in the crime but was a target of "bias" by the Norristown Police Department. (*Id.* at 61-62.)

The hearing examiner recommended recommitting Livingston as a CPV to serve 30 months and denying Livingston credit for time spent at liberty on the current period parole. (Hearing Report, C.R. at 72, 76.) The hearing examiner based the recommendation to deny Livingston time credit on his "new conviction that is the same or similar to the original offense," "abscond[ing] while on parole supervision," and "commit[ting] a new offense that was assaultive in nature." (*Id.* at 72.) A second panel Board member concurred in the recommendation. (*Id.* at 77.)

The Department of Corrections Moves Report indicates that Livingston was paroled to a community corrections center on May 31, 2016. (*Id.* at 112.) He was returned to a state correctional institution on July 2, 2019, as a parole violator pending. (*Id.*) He was reparoled on July 26, 2019. (*Id.*) He was again returned to a state correctional institution on June 3, 2022, as a parole violator pending. (*Id.*)

By action mailed on August 3, 2022, the Board recommitted Livingston as a TPV to serve 6 months' backtime and a CPV to serve 30 months concurrently, for a total of 30 months' backtime. (Notice of Board Decision, C.R. at 120.) The Board indicated it did not award Livingston credit for time spent at liberty on parole because the new conviction was the same or similar to the original offense, Livingston absconded while on parole, and the new offense was assaultive in nature.

4

(*Id.* at 121.) Using April 13, 2022, as the custody for return date, the Board recalculated the new maximum date as March 11, 2030, based upon the 2,889 days of backtime owed. (Order to Recommit, C.R. at 118, 122.)

On August 19, 2022, the Board received an Administrative Remedies Form that Counsel filed on Livingston's behalf, wherein he alleged the "Board failed to give [Livingston] credit for all time served exclusively pursuant to the [B]oard's warrant or while incarcerated" and "abused its discretion by not awarding any credit for time in good standing while on parole." (*Id.* at 124.)

The Board responded to the Administrative Remedies Form on January 3, 2023. (*Id.* at 127.) The Board first stated granting or denying credit for time at liberty on parole to a CPV was within the Board's discretion. (*Id.*) It further stated that it articulated three reasons for denying time credit – similarity between offenses, absconding, and the assaultive nature of the new offense – all of which are sufficient to deny credit. (*Id.*) As for the claim that the Board miscalculated Livingston's maximum date, the Board explained how it recalculated the maximum date. (*Id.* at 127-28.) The Board further explained that it lodged its detainer on June 2, 2020, which is the same day bail was set; however, because Livingston did not post bail he was not held solely on the Board's detainer and was not entitled to any presentence credit toward his original sentence. (*Id.* at 128.)

On January 18, 2023, Livingston, with the assistance of Counsel, timely filed his Petition for Review with this Court. Therein, Livingston asserted the same arguments as he did in his Administrative Remedies Form to the Board – "fail[ure] to give [Livingston] credit for all time served exclusively pursuant to the [B]oard's warrant or while incarcerated" and the "Board abused its discretion by not awarding any credit for time in good standing while on parole." (Petition for Review ¶¶ 5-6.)

5

After a briefing schedule was issued, Counsel filed the Application to Withdraw on the basis that there are not grounds for appeal and the Petition for Review is frivolous. In support of the Application to Withdraw, Counsel also filed a letter dated May 10, 2023 (*Turner*[4] letter), which Counsel sent to Livingston and the Board, along with the Application to Withdraw, detailing his review of the certified record and relevant case law. After detailing the relevant facts, Counsel addressed the two issues raised by Livingston in the Petition for Review. First, Counsel explained the Board properly determined the 2,889 days of backtime owed based on Livingston's parole date of July 26, 2019, and his original maximum date of June 23, 2027. (*Turner* letter at 8.) Further, Counsel explained that bail on the new charges was set on June 2, 2020, which Livingston did not post. (*Id.* at 9.) Thus, when he was sentenced on April 13, 2022, he received credit on the new charges for 681 days. (*Id.*) Thus, Counsel reasoned, Livingston received all credit to which he was entitled. (*Id.*) As to the second issue, Counsel explained Livingston was convicted of aggravated assault involving a law enforcement officer and the Board had adequate reasons to deny credit when a crime of violence is involved. (*Id.*)

Having concluded that the Petition for Review lacked merit, Counsel served Livingston with a copy of the Application to Withdraw and *Turner* letter and informed Livingston that he had the right to hire another attorney or file a brief on his own behalf. (*Id.* at 10; 5/10/23 Certificate of Service.) Counsel also served Livingston with a May 16, 2023 order of this Court informing Livingston that he could obtain substitute counsel at his own expense or file a brief on his own behalf.

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

(5/16/23 order; 5/19/23 Certificate of Service.) Livingston neither obtained substitute counsel nor filed a brief on his own behalf.

Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution, such as here, the *Turner* or no-merit letter must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 24-25 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the *Turner* letter, "a copy of counsel's petition to withdraw," and a statement advising the petitioner of his right to proceed by new counsel or pro se. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Once counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.* (citation omitted).

Here, Counsel has complied with the procedural requirements of *Turner*. As we have set forth, Counsel has explained the nature and extent of his review of the record, addressed the two issues raised in the Petition for Review, and provided a thorough analysis of those issues and Counsel's reasons for concluding that they lack merit. Counsel served copies of both the Application to Withdraw and *Turner* letter on Livingston and the Board. In Counsel's *Turner* letter and again pursuant to our May 16, 2023 order, Counsel informed Livingston that he could retain substitute counsel or file a brief on his own behalf. Thus, Counsel has satisfied the procedural requirements of *Turner*.

We must now conduct our own review to determine whether, as Counsel has concluded, the Petition for Review is, in fact, without merit.[5] *Hughes*, 977 A.2d at 25.

1. **Whether the Board failed to give Livingston credit for all time served exclusively pursuant to the Board's warrant or while incarcerated.**

In his Petition for Review, Livingston first asserts that the Board did not give him credit for all time served exclusively pursuant to the Board's warrant or while incarcerated. At the time of his release on parole on July 26, 2019, the maximum date for Livingston was June 23, 2027. This left 2,889 days remaining on his sentence. The Board concluded Livingston did not post bail when it was set and, therefore, was not incarcerated solely on the Board's detainer, which was issued the same day (June 2, 2020). Accordingly, the Board did not err in not crediting Livingston with any time for which he was incarcerated solely on the Board's detainer as there was none.

This is consistent with *Gaito v. Pennsylvania Board of Probation and Parole*, in which the Supreme Court held that if the parolee has met bail on the new charges, but remains in custody **solely** on the Board's detainer, then the time the parolee spends in custody "shall be credited against [the] original sentence." 412 A.2d 568, 571 (Pa. 1980). On the other hand, if the parolee "remains incarcerated prior to trial because [the parolee] has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to [the] new sentence." *Id.* Similarly, when a parolee "[is] detained under both the Board's warrant and the new

---

[5] We review the action of the Board for "whether the decision was supported by substantial evidence, whether an error of law occurred[,] or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017) (quoting *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)).

criminal charges, this time is properly allocated to his new criminal sentence." *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 (Pa. Cmwlth. 2016). Only if "it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence" may the excess time be applied to the parolee's original sentence. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007) (emphasis omitted). The record indicates that Livingston received 681 days credit for time served when he was sentenced on the new charges. (C.R. at 84, 89.) When 2,889 days is added to the custody for return date of April 13, 2022, the new maximum sentence date is March 11, 2030, as calculated by the Board.

Having concluded the Board did not fail to give Livingston credit for all time served exclusively pursuant to the Board's warrant or while incarcerated, the first issue raised by Livingston is without merit.

**2. Whether the Board abused its discretion by not awarding Livingston any credit for time in good standing while on parole.**

The second issue raised in the Petition for Review is whether the Board abused its discretion when it did not award Livingston credit for time in good standing while he was on parole. Section 6138(a)(2.1)(i) of the Prisons and Parole Code (Parole Code) provides:

> The [B]oard may, in its discretion, award credit to [a parolee] recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.[]C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).

9

61 Pa.C.S. § 6138(a)(2.1)(i).  The Parole Code was amended by Section 21 of the Act of June 30, 2021, P.L. 260, to remove the requirement that a "crime of violence" in Section 6138(a)(2.1)(i) of the Parole Code be the same as a crime of violence defined by Section 9714(g) of the Sentencing Code, 42 Pa.C.S. § 9714(g).[6]  Thus, the fact that the crime for which Livingston was convicted, aggravated assault – attempts to cause or causes bodily injury to designated individuals under Section

---

[6] Section 9714 of the Sentencing Code defines "crime of violence" as:

murder of the third degree, voluntary manslaughter, manslaughter of a law enforcement officer as defined in 18 Pa.C.S. § 2507(c) or (d) (relating to criminal homicide of law enforcement officer), murder of the third degree involving an unborn child as defined in 18 Pa.C.S. § 2604(c) (relating to murder of unborn child), aggravated assault of an unborn child as defined in 18 Pa.C.S. § 2606 (relating to aggravated assault of unborn child), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), assault of law enforcement officer as defined in 18 Pa.C.S. § 2702.1(a)(1) (relating to assault of law enforcement officer), use of weapons of mass destruction as defined in 18 Pa.C.S. § 2716(b) (relating to weapons of mass destruction), terrorism as defined in 18 Pa.C.S. § 2717(b)(2) (relating to terrorism), strangulation when the offense is graded as a felony as defined in 18 Pa.C.S. § 2718 (relating to strangulation), trafficking of persons when the offense is graded as a felony of the first degree as provided in 18 Pa.C.S. § 3011 (relating to trafficking in individuals), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson endangering persons or aggravated arson as defined in 18 Pa.C.S. § 3301(a) or (a.1) (relating to arson and related offenses), ecoterrorism as classified in 18 Pa.C.S. § 3311(b)(3) (relating to ecoterrorism), kidnapping, burglary as defined in 18 Pa.C.S. § 3502(a)(1) (relating to burglary), robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, drug delivery resulting in death as defined in 18 Pa.C.S. § 2506(a) (relating to drug delivery resulting in death), or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa.C.S. § 9714(g).

2702(a)(3) of the Crimes Code, 18 Pa.C.S. § 2702(a)(3),[7] (C.R. at 84), is not specifically delineated in Section 9714(g) of the Sentencing Code as a crime of violence is of no moment.

Here, the basis of Livingston's new charges involved, among other things, striking an officer who was pursuing him in the face and head, grabbing an officer's taser, attempting to unholster an officer's firearm, being combative with officers at the hospital, spitting blood and snot at them, and threatening to kill them. (C.R. at 44.) We cannot conclude the Board erred in finding the new charges were assaultive in nature and not awarding credit for street time under these circumstances. This is particularly so when Section 6138(a)(2.1)(i) of the Parole Code provides that when a new conviction involves a crime of violence, the Board **must** deny street time. 61 Pa.C.S. § 6138(a)(2.1)(i).

Even if the Court had concluded Livingston's new charges did not constitute a crime of violence for which the Board must deny street time, the Board retains broad discretion to grant or deny street time in other situations. *Commonwealth v. Vladyka*, 229 A.2d 920, 922 (Pa. 1967). Thus, "in reviewing the Board's discretionary acts, this Court will only overturn the Board's actions where the Board acts in bad faith, fraudulently, [or] capriciously or commits an abuse of its power." *Baldelli v. Pa. Bd. of Prob. & Parole*, 76 A.3d 92, 96 (Pa. Cmwlth. 2013). "Due to the broad discretionary powers granted the Board, we will only find that the Board made an arbitrary, capricious or unreasonable determination in the absence of substantial evidence in the record to support that determination." *Chapman v. Pa.*

---

[7] Section 2702(a)(3) of the Crimes Code provides "[a] person is guilty of aggravated assault if he: . . . attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty." 18 Pa.C.S. § 2702(a)(3). Section 2702(c) enumerates various officers, agents, employees or other persons, including, relevant here, police officers. 18 Pa.C.S. § 2702(c).

11

*Bd. of Prob. & Parole,* 484 A.2d 413, 418 (Pa. Cmwlth. 1984). Here, the Board denied Livingston credit for street time on other bases, including having absconded while on parole and because the new charges were similar to Livingston's original charges.[8] These, too, are sufficient reasons for the Board to deny street time credit. *See Boyd-Chisholm v. Pa. Bd. of Prob. & Parole*, 240 A.3d 1005, 1013 (Pa. Cmwlth. 2020) (holding denial of street time credit where new conviction was same or similar to original conviction is sufficient); *Laffey v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 16 C.D. 2020, filed October 14, 2020), slip op. at 5-6 (concluding the Board did not err in denying the petitioner credit for his street time because he absconded while under supervision).[9]

To properly exercise its discretion, "the Board must articulate the basis for its decision" so that "an appellate court hearing the matter [] ha[s a] method to assess the Board's exercise of discretion." *Pittman v. Pa. Bd. of Prob. & Parole,* 159 A.3d 466, 474 (Pa. 2017). As stated above, the Board articulated three bases for denying credit for street time, thereby satisfying the requirements of *Pittman*. Further, each of those bases are supported by the record evidence. *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1211 (Pa. Cmwlth. 2019). Accordingly, the second issue raised by Livingston likewise lacks merit.

---

[8] One of Livingston's original charges was aggravated assault with bodily injury to an officer. (C.R. at 1.)

[9] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

12

Based upon the foregoing, we grant Counsel's Application to Withdraw and affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** President Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Livingston,                                :
                Petitioner                :
                                   :

        v.                                    :   No. 38 C.D. 2023
                                   :

Pennsylvania Parole Board,          :
                Respondent              :

## O R D E R

**NOW**, March 20, 2024, the Application for Leave to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is **GRANTED**, and the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** President Judge