**CLD-111**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3182
_____

TASHAWN K. HUNTER,
Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; SUPERINTENDENT
MAHANOY SCI; JANE DOE, Hearing Examiner for 6/2/23; DENNIS WIEDERHOLD,
Hearing Examiner for PA DOC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:24-cv-01870)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 27, 2025
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 28, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Tashawn Hunter, a Pennsylvania state prisoner proceeding *pro se* and *in forma pauperis*, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights action. We will summarily affirm.

I.

This matter arises from misconduct proceedings initiated against Hunter by officials at Pennsylvania State Correctional Institution Mahanoy. Hunter alleges that the prison charged him and his cellmate, Anthony Cooper, with misconduct in May 2023 after Cooper placed cardboard into the windows of their cell door in violation of prison regulations and then refused an order to remove it. Cooper resolved his charge informally through a plea and was restricted to his cell for 14 days as punishment. Hunter, for his part, requested a formal hearing at which he could call witnesses, per Pennsylvania Department of Corrections ("DOC") policy. On June 2, 2023, an unnamed female hearing examiner held a video misconduct hearing but refused Hunter's request to call Cooper as a witness. The examiner found Hunter guilty of misconduct, and his appeals were denied by Bernadette Mason, the prison's superintendent. Hunter averred that he was placed in segregated housing for an unspecified period[1] and that his requests for parole subsequently were denied.

More than a year later, prison officials charged Hunter with misconduct after he failed to report to work one day. He claimed he worked part of his shift but was excused early for religious services. Hunter opted for another formal hearing and his request to

_____

[1] On appeal, Hunter notes that his cell restrictions lasted 15 days.

call witnesses was denied once again, this time by defendant hearing examiner Dennis Wiederhold, who found Hunter guilty. Hunter's administrative appeals were denied, and he was fired from his job.

Hunter brought suit under 42 U.S.C. § 1983 and Pennsylvania law against the DOC and Mason, Wiederhold, and the Jane Doe hearing examiner in their official and individual capacities for denying his due process rights and defaming him. He sought damages along with declaratory and injunctive relief. The District Court screened Hunter's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissed his federal claims with prejudice, and declined to exercise jurisdiction over his state-law claim, which the court dismissed without prejudice. The court found that (1) sovereign immunity barred Hunter's constitutional claims against the DOC *in toto* and against the individual defendants in their official capacities insofar as he sought monetary damages; (2) Hunter's request for declaratory relief was impermissibly retrospective in nature; (3) the defendants are not subject to municipal liability under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); (4) injunctive relief was unwarranted because Hunter failed to plausibly plead that Mason, Wiederhold, or Doe violated his due process rights; and (5) further leave to amend would be futile based upon the claims and injuries asserted. Hunter timely appeals.

II.

We have jurisdiction under 28 U.S.C. § 1291. See Merritts v. Richards, 62 F.4th 764, 772 & n.4 (3d Cir. 2023). We exercise plenary review over the District Court's

3

dismissal of the complaint. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we will affirm because Hunter's appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4.

III.

We agree with the District Court that the DOC is not a "person" within the meaning of Section 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989), and that the agency is entitled to sovereign immunity in any event. The Eleventh Amendment generally protects States and their agencies from suit in federal court unless a State waives immunity or Congress expressly abrogates it—neither of which has occurred here. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020) (citing 42 PA. STAT. AND CONS. STAT. ANN. § 8521(b); Quern v. Jordan, 440 U.S. 332, 345 (1979)). Sovereign immunity also extends to employees of state agencies sued for damages in their official capacity. See A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 580 (3d Cir. 2004) ("A suit against a governmental official in his or her official capacity is treated as a suit against the governmental entity itself."). Thus, Hunter's demand for remuneration from Mason, Wiederhold, and Doe in their official capacities is barred by the Eleventh Amendment as well. See Downey, 968 F.3d at 309-10.

The District Court also correctly determined that Hunter's prayer for a declaration that the defendants violated his rights is unavailing. To be sure, the Eleventh

4

Amendment does not forbid suits against state officers for declaratory or injunctive relief. See Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa., 141 F.3d 88, 91 (3d Cir. 1998) (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54-54 (1996)); *Ex parte* Young, 209 U.S. 123, 155-56 (1908). But such relief may only be granted prospectively. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (explaining that *Ex parte* Young "does not permit judgments against state officers declaring that they violated federal law in the past") (citing Green v. Mansour, 474 U.S. 64, 73 (1985)). The declaratory relief Hunter seeks plainly is foreclosed.[2]

To the extent the individual defendants are not immune from suit, we agree with the District Court that Hunter failed to state a viable due process violation for adjudicating his misconduct charges without affording him the right to call witnesses. Hunter's constitutional claims lack merit for several reasons, the most apparent of which is that 15 days of disciplinary segregation, without more, does not amount to an "atypical and significant" hardship that implicates due process concerns. See Sandin v. Conner, 515 U.S. 472, 484-86 (1995) (explaining that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence); see also Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002) (holding that seven months of disciplinary confinement did not violate a protected liberty interest). Likewise, neither

---

[2] Moreover, the District Court rightly found that the defendants are not liable under Monell, which does not apply to state agencies or employees. See Monell, 436 U.S. at 690 n.54 ("Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes.").

federal nor Pennsylvania law recognizes a constitutionally protected liberty interest in being granted parole. See, e.g., Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010) (citing, *inter alia*, Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)); Rogers v. Pa. Bd. of Prob. & Parole, 724 A.2d 319, 323 (Pa. 1999)). And it is well-settled that prisoners do not have due process liberty or property interests in their prison jobs. See James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989). As these flaws cannot be cured by amendment, the District Court did not err in dismissing Hunter's complaint without leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Given Hunter's failure to state a claim under federal law, the District Court acted within its discretion in declining to exercise jurisdiction over his supplemental state-law claim. See Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline to exercise supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction."). Accordingly, we will affirm the judgment of the District Court, but with a modification that the claims barred by the Eleventh Amendment be dismissed without prejudice. See Merritts, 62 F.4th at 772 (explaining that dismissals on sovereign immunity grounds "should normally be without prejudice"); see also Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (modifying dismissal order "to reflect that these claims are dismissed without prejudice").